**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Lee DAVIS, Defendant-Appellant

No. 15141.**

United States Court of Appeals
Sixth Circuit.

June 25, 1963.

Thomas A. Zins (Court Appointed), Cincinnati, Ohio, for defendant-appellant.

Gerald J. Celebrezze, Asst. U. S. Atty., Cleveland, Ohio, Merle M. McCurdy, U. S. Atty., Cleveland, Ohio, on brief, for plaintiff-appellee.

Before CECIL, Chief Judge, MILLER, Circuit Judge, and BROOKS, District Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

The appellant, with representation by counsel, after written waiver in open court of prosecution by indictment, pleaded guilty on June 19, 1961 to an information charging robbery of an employee of the United States Post Office Department and in placing said employee's life in jeopardy by the use of a dangerous weapon in doing so, in violation of Section 2114, Title 18, United States Code. On the same day he was sentenced to imprisonment for a period of twenty-five years.

On July 17, 1962 he filed in the District Court the present motion, under Section 2255, Title 28, United States Code, to vacate the sentence. This appeal is from the order of the District Judge denying the motion without a hearing.

Although the motion sets out twelve alleged grounds for the relief prayed, we believe that only one issue of any merit, expressed in various ways in the motion, is presented, namely, that although he was not armed at the time of the robbery and accordingly was not guilty of the alleged armed robbery, he was coerced and tricked into pleading guilty of a false crime by threats and promises made by the Postal Inspector who investigated the alleged offense. Specifically, the motion alleges that the Postal Inspector threatened that he would charge appellant's common law wife as being an accomplice if he did not plead guilty, and that he promised the appellant that all his State charges would be dropped and dismissed, and that appellant would receive a sentence of between five and ten years.

The transcript of the arraignment shows that in answer to the questions of the District Judge, the appellant stated that he understood the charge; that nevertheless the Assistant District Attorney stated to him the details of the charge, including the fact that he was being charged as a principal although he did not hold the weapon, but one of his confederates did; that the District Judge again asked if the appellant understood the nature of the charge and was prepared to plead, to which the appellant answered, "Yes, sir," and thereupon entered his plea of guilty. The Court then asked the appellant if anybody had promised him any leniency or any consideration for doing so, to which the appellant answered, "No, sir, none whatsoever." To the further question of the Court, "It's your free act and deed?", the appellant answered "Yes, sir."

The Court then asked in turn of appellant's counsel and appellant himself if they wanted to say anything. Appellant's counsel pointed out that the appellant did not wield the weapon and that no violence occurred. He asked for his client the mercy of the Court. The appellant stated, "I am guilty of this offense, and I would appreciate it if you would—within your power to give me, you know, a light sentence." The Court then explained that the sentence was mandatory under the statute; that he had no discretion for any leniency. Appellant's counsel stated that the appellant was quite confused with regard to a "mandatory" sentence, and that "I have told him that the Court has no other choice but than to impose the maximum sentence of 25 years." The Court again stated that under the law he must impose the sentence and added that any relief would have to come through the parole authorities. Appellant's counsel stated he had told appellant the same thing and that when he came up for parole the parole authorities would take into consideration the matter of his cooperation with the police and with the Postal Inspectors.

The Postal Inspector who participated in the investigation was present and the Court inquired of him about the cooperation of the appellant. The Postal Inspector stated that the appellant had been very effective in causing the apprehension and the indictment of another defendant in the robbery and that they had advised appellant that these facts would be so stated in the report to the Parole Department. The Court then stated, "Well, then, that is all you can expect. You have had that in open court." After a further short statement by appellant's counsel, the Court said, "Well, then, I can't do anything more than the law requires: a sentence of 25 years is imposed."

Appellant made no reply to the Postal Inspector's statement or to the sentence imposed by the Court. It was approximately thirteen months later when he filed his present motion alleging that he was coerced and tricked into pleading guilty of a false crime by threats and promises made by the Postal Inspector.

The District Judge was of the opinion that the record, including the transcript of the arraignment, conclusively showed that appellant's plea of guilty was voluntarily made and was not the result of any threats or promises made to him. He, accordingly, denied the motion without a hearing as authorized by Section 2255. On this appeal from that ruling, the appellant contends that the District Judge erred in so ruling and in not granting him a hearing. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473.

■ The Government did not file an answer denying the allegations of the motion to vacate, but did file a brief in opposition to the motion, relying mainly upon the transcript of the arraignment hereinabove referred to. Appellant contends that under the rulings in Price v. Johnston, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356; Dunn v. United States, 245 F.2d 407, C.A.6th; and Hill v. United States, 256 F.2d 957, C.A.6th, the allegations of the motion to vacate, not having been denied by a responsive pleading, must be considered as admitted. In our opinion, the allegations of the motion are not to be so accepted if and to the extent they are contradicted by or in conflict with the facts as shown by the files and records of the case. Pelley v. United States, 214 F.2d 597, 599, C.A.7th, cert. denied, 348 U.S. 915, 75 S.Ct. 296, 99 L.Ed. 718; United States v. Edwards, 152 F.Supp. 179, 183–184, D.C.D.C., affirmed, 103 U.S.App.D.C. 152, 256 F.2d 707, cert. denied, 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82. See: Brown v. United States, 212 F.2d 589, C.A.6th, cert. denied, 348 U.S. 842, 75 S.Ct. 62, 99 L.Ed. 664; Schumpert v. United States, 226 F.2d 578, C.A.6th.

■ We are of the opinion that the transcript of the arraignment, accepted for what it says, shows without question that appellant's plea of guilty was voluntarily made with knowledge of the offense charged, and was not the result of coercion, threat or promise of any kind. Rule 11, Rules of Criminal Procedure, provides that the court shall not accept a plea of guilty "without first determining that the plea is made voluntarily with understanding of the nature of the charge." The District Judge carefully and fully complied with the duties imposed by Rule 11 in accepting a plea of guilty. Adkins v. United States, 298 F.2d 842, C.A.8th, cert. denied, 370 U.S. 954, 82 S.Ct. 1604, 8 L.Ed.2d 819; Johnson v. United States, 301 F.2d 631, C.A. 8th; United States v. Swaggerty, 218 F.2d 875, 879, C.A.7th, cert. denied, 349 U.S. 959, 75 S.Ct. 889, 99 L.Ed. 1282.

The present proceeding by the appellant is in essence a collateral attempt by him to contradict the record. There is no claim of clerical misprision or that the record does not fully and accurately state what was said and done at the arraignment. We are of the opinion that under the circumstances of this case, where the record shows that the appellant, with benefit of counsel, confessed his guilt in open court and voluntarily entered a plea of guilty with understanding of the nature of the charge and with knowledge of the sentence which he would receive, and with the opportunity at the time to challenge the statement of the Postal Inspector which for the first time he now attacks in this proceeding, the appellant will not be permitted more than a year later to change his position and collaterally attack the validity of the record, which he himself made. Burgett v. United States, 237 F.2d 247, 251, C.A.8th; Swepston v. United States, 289 F.2d 166, 170, C.A.8th, cert. denied, 369 U.S. 812, 82 S.Ct. 689, 7 L.Ed.2d 612; Johnson v. United States, 239 F.2d 698, 699, C.A.6th, cert. denied, 354 U.S. 940, 77 S.Ct. 1404, 1 L.Ed.2d 1539; United States v. Thomas, 291 F.2d 478, 480, C.A.6th; O'Malley v. United States, 285 F.2d 733, 735, C.A.6th; United States v. French, 274 F.2d 297, 299, C.A.7th.

We do not construe Machibroda v. United States, supra, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473, upon which appellant relies, as requiring a hearing in all cases in which a factual issue is raised by appellant's motion to vacate.

In the Machibroda case, the transcript of the arraignment shows that the District Judge accepted a plea of guilty from the defendant, who was represented by counsel, without questioning the defendant about it being entered voluntarily, free from any threats or coercion or promises of any kind.[1] The defendant made no representations to the Court about the nature of his plea, which he later repudiated. The factual situation was materially different from what we

---

[1]. A photostatic copy of the transcript of the arraignment in the Machibroda case is attached hereto.

"PHOTOSTATIC COPY

"*United States of America v. John Machibroda, alias John Broda, alias Tony O'Hara* BANK ROBBERY, Waterville, Ohio

"(Plea) Cr.No.10345 February 24, 1956
*       *       *       *       *

"Mr. Condon: If the Court please, last week an information was filed charging John Machibroda and Marvin Breaton with the bank robbery at the Waterville State Savings Bank. It was filed insofar as Breaton was concerned, and a waiver of indictment was filed at that time, and also a plea on behalf of Breaton of not guilty was entered.

"At this time the Government would like to file the information as it pertains to John Machibroda, who appears here with his counsel, John Schuchmann, who has been furnished with a copy of the information, and if it is the desire of the Court, the defendant or counsel we could dispense with the reading of it today.

"Mr. Schuchmann: That is correct.

"The Court: Do you have a copy of it, Mr. Schuchmann?

"Mr. Schuchmann: Yes, I have, and the defendant has a copy.

"Mr. Condon: So that the purpose of the arraignment today is to waive,—I beg your pardon, Your Honor. It was filed properly last week, but no plea then was entered insofar as Machibroda is concerned. He is here for plea.

"The Court: Are there two charges here?

"Mr. Condon: The next case pertains to the Forest Bank Robbery.

"The Court: Do you want to file that?

"Mr. Condon: I will offer that at this time, Your Honor. That information charges John Machibroda alone, and it is in two counts. (Thereupon, Mr. Clarence M. Condon, Assistant United States Attorney, read the said information to the defendant in open Court.)

"Do you understand Mr. Machibroda, that each of these two counts that I have just informed the Court about charges you with a felony and the ordinary procedure would be to present the matter to a Grand Jury. If the Grand Jury saw fit, it would return an indictment against you and that indictment would constitute the charges upon which you would stand trial. If you want to permit the Court to proceed with the disposition of your case, you could consent to the filing of this information that I have just read to the Court by signing the waiver of indictment that I place before you.

"The Court: That is your desire, is it, Mr. Machibroda, that you sign that waiver?

"Mr. Machibroda: Yes, Your Honor.

"The Clerk: The waiver has been signed.

"The Court: As I understand the situation, there are now two informations here, one charging in effect the holding up of the Waterville Bank and the other the Forest Bank, is that correct?

"Mr. Condon: That is correct, Your Honor, two banks.

"The Court: How do you plead to the charge as to the Waterville institution, guilty or not guilty?

"Mr. Schuchmann: Guilty, Your Honor.

"The Court: Is that your desire, Mr. Machibroda?

"Mr. Machibroda: Yes, Your Honor.

"The Court: And in connection with the Forest Bank information what is the plea?

"Mr. Schuchmann: Guilty, Your Honor.

"The Court: Is that your desire, Mr. Machibroda?

"Mr. Machibroda: Yes, Your Honor.

"The Court: I think I would like to have a pre-sentence report in this case. How long would that take, Mr. Sell?

"Mr. Sell: It may take a couple weeks, Your Honor.

"Mr. Condon: It might take a considerable period of time because Mr. Machibroda is a Canadian citizen and possibly Mr. Sell may find it necessary to write there.

"The Court: Yes. I would like to have the report and we will delay further steps until that report is received. Bond will be continued.

"CERTIFIED A CORRECT
TRANSCRIPT

*Federal Court Reporter*"

have in the present case. The opinion in that case recognizes that under certain circumstances a hearing is not necessary, that there will always be marginal cases, and in fact that case itself was not far from the line. (368 U.S. pages 495–496, 82 S.Ct. page 514.) We are of the opinion that this case falls on the other side of the line.

We concur in the ruling of the District Judge and the judgment is accordingly affirmed.