### UNITED STATES of America, Plaintiff-Appellee,

### v.

### Anthony ORLANDO, Defendant-Appellant.

### No. 15304.

United States Court of Appeals Sixth Circuit.

Jan. 30, 1964.

George F. Edwardes, Texarkana, Ark., on brief, for appellant.

Bernard T. Moynahan, Jr., U. S. Atty., Moss Noble, Asst. U. S. Atty., Lexington, Ky., on brief, for appellee.

Before MILLER and PHILLIPS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

This is an appeal from a judgment of the District Court overruling appellant's motion to vacate judgment, filed pursuant to Section 2255, Title 28 United States Code.

Appellant Orlando and three codefendants, Jalove, Brinegar and Thornton, were charged in a two-count indictment with (1) conspiring to rob the Farmers Bank of Petersburg, Kentucky, the deposits of which were insured by the Federal Deposit Insurance Corporation, and (2) the substantive offense of robbing said bank, in violation of Sections 371 and 2113, Title 18 United States Code, respectively.

Appellant and Jalove were represented by the same counsel of their own choosing. The District Judge appointed other attorneys to separately represent Brinegar and Thornton, at their request. On January 19, 1959, the defendants, with counsel present, entered pleas of not guilty to both counts of the indictment and the case was set for trial on March 11, 1959. On March 11, 1959, a jury was regularly impaneled, accepted and duly sworn. At that time counsel for appellant and Jalove stated to the Court that said defendants desired to withdraw their prior pleas of not guilty and substitute pleas of guilty. Upon inquiry directed to each of them by the Court, each defendant confirmed their counsel's statement and entered a plea of guilty to both counts of the indictment. The Court inquired of the two defendants if they were doing this under their free will, and specifically asked, "You are entering your plea of guilty to these charges because you are guilty of them, is that right?" The defendants answered, "Yes, sir." The trial proceeded against Brinegar and Thornton.

On March 12, 1959, appellant and Jalove filed motions to withdraw their pleas of guilty and enter pleas of not guilty.

On March 13, 1959, after the jury retired to consider the case against Brinegar and Thornton, the Court, with appellant and Jalove present, heard counsel on these motions. Counsel stated that the two defendants, after discussing the matter very carefully with him "felt that without any question they were guilty of the charge in Count 2," and that they were admitting that they were the ones who robbed the bank but that they did not feel that they actually engaged in a conspiracy as such for the purpose of robbing the bank, in that they did not plan it out in advance. He stated that

they preferred to stand on the plea of guilty to robbing the bank and enter a plea of not guilty to the conspiracy charge. In answer to questions directed to them by the Court, each defendant stated that he wanted to stand on his guilty plea to the charge of robbing the bank. This was followed by a discussion between the Court, the defendant Jalove, and the United States Attorney attempting to explain to the defendants what constituted a conspiracy; following which both defendants stated that they were pleading guilty to both counts of the indictment. Their counsel then withdrew their motions to withdraw their pleas of guilty.

The jury returned a verdict of guilty against Brinegar and Thornton.

At the sentencing of the four defendants, the Court asked appellant and his attorney if they had anything to say before judgment was pronounced. Appellant's attorney reviewed to the Court appellant's background and record, which showed that he had three long sentences in Illinois prisons, two short sentences in the house of correction in Chicago, that he was a product of an environment problem and characterized as a "bad character," that by reason of inability to obtain employment he had fallen in with poor companions and had been led into a life of crime, that appellant was "beyond the point where we can hope that anything may correct him," that "After we studied it over very carefully, we decided the only thing for him to do would be to enter his plea of guilty to the charge and to throw himself upon the mercy of the court," and that the appellant had done the decent thing by pleading guilty and admitting freely and frankly to the Court what his situation was, of which the Court should take cognizance in dealing with the case. The appellant, in answer to the Court's inquiry, "Do you have anything further you want to say, Anthony?" replied, "No, sir."

The Court imposed a sentence of five years on the first count of the indict-ment and twenty-five years on the second count, the sentences to run concurrently.

On October 15, 1962, appellant filed a motion to vacate the twenty-five year sentence or to reduce it to not more than fifteen years on the ground that he was induced to plead guilty by his counsel, who informed him that if he would plead guilty the United States Attorney had guaranteed that he would not receive a sentence in excess of fifteen years, but unless he was willing to plead guilty he would receive a sentence of thirty years. He also relied on the following additional grounds which were either clearly refuted by the record or were without merit, namely, (1) he was not afforded an opportunity to say anything personally either before or after sentence was imposed, (2) he was denied a continuance for the purpose of employing other counsel, (3) that his motion for change of venue was improperly denied, and (4) that his motion for a transcript of the record was improperly denied.

The motion was denied by the District Judge on October 23, 1962, without a hearing, upon a consideration of the record, including a transcript of the arraignment and sentence, on the ground that the motion was "entirely without merit." No appeal was taken from this order, although such was available to him under the provisions of Section 2255, Title 28 United States Code.

On December 21, 1962, appellant filed the present motion to vacate the sentence or to correct it to a term of not more than fifteen years, on the ground that the plea of guilty was induced and entered through misrepresentation and as the result of an agreement between his attorney and the United States Attorney that if he would plead guilty the maximum sentence which would be imposed would not exceed fifteen years, and that he agreed to accept the proposal on this condition only. The motion alleges that his plea of guilty was void as a matter of law and that the conviction and sentence resting thereon is repugnant to the 5th, 6th and 14th Amendments to the

United States Constitution, and asked for a hearing.

The motion states that appellant can substantiate his allegations by four named witnesses, namely, his codefendants Jalove and Brinegar, the United States Attorney, and his own attorney, and by two unnamed additional witnesses. Appellant did not file or tender a statement or affidavit of any of these six persons, setting out what said person would testify if called as a witness.

On December 31, 1962, the District Judge filed a Memorandum which stated that by the express provisions of Section 2255, Title 28 United States Code, the Court is not required to consider a second motion for similar relief under that section on behalf of the same prisoner and that in his opinion the present motion proceeds from grounds that were pressed on the earlier motion. On the same day an order was entered overruling the motion, from which the present appeal was taken.

Appellant contends that his motion raised a factual issue with respect to the alleged agreement between his attorney and the United States Attorney by reason of which he was illegally induced to enter the plea of guilty and that under the rulings in United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473; Teller v. United States, 263 F.2d 871, C.A.6th, and Motley v. United States, 230 F.2d 110, C.A.5th, he was entitled to a hearing on this factual issue.

■ We are of the opinion that the judgment should be affirmed for the reason given by the District Judge. Section 2255, Title 28 United States Code; Howard v. United States, 199 F.2d 276, C.A.8th. The issue presented to the Court by the present motion was previously considered by the District Judge and found by him to be "entirely without merit." No appeal was taken from that ruling. Although this is not legally res judicata, we find, under the circumstances of this case, no abuse of discre-

tion on the part of the District Judge in declining to consider for the second time an issue previously considered and ruled upon by him. Section 2255 expressly relieves him of the requirement to do so. Bent v. United States, 308 F.2d 585, C.A.8th, cert. denied, 373 U.S. 917, 83 S.Ct. 1307, 10 L.Ed.2d 416, rehearing denied, 374 U.S. 818, 83 S.Ct. 1699, 10 L.Ed.2d 1042; Dunn v. United States, 234 F.2d 219, C.A.6th, cert. denied, 352 U.S. 899, 77 S.Ct. 140, 1 L.Ed.2d 90; Malone v. United States, 299 F.2d 254, 256, C.A.6th, cert. denied, 371 U.S. 863, 83 S.Ct. 122, 9 L.Ed.2d 100; Moore v. United States, 108 U.S.App.D.C. 14, 278 F.2d 459; Daniels v. United States, 258 F.2d 356, C.A.9th; Corcoran v. United States, 231 F.2d 449, 451, 452, C.A.7th; Wells v. United States, 210 F.2d 112, C.A.5th; Birtch v. United States, 173 F.2d 316, C.A.4th, cert. denied, 337 U.S. 944, 69 S.Ct. 1500, 93 L.Ed. 1747.

■ In addition, we are of the opinion that the factual issue claimed by the appellant to exist in this case does not have the necessary substance to require the District Judge to hold a hearing. As was recognized by the Supreme Court in Machibroda v. United States, supra, 368 U.S. 487, 495–496, 82 S.Ct. 510, 7 L.Ed.2d 473, it does not automatically follow that a petitioner is entitled to a full hearing on a factual issue raised by his motion, no matter how vague, conclusory or palpably incredible his allegations may be, and that the statute does not strip the district courts of all discretion to exercise their common sense. In that case, petitioner's allegations were supported by a detailed affidavit giving specific information about when and where the alleged agreement was entered into and other material information relative thereto. The Court apparently gave considerable weight to these "specific and detailed factual assertions of the petitioner." (368 U.S. p. 496, 82 S.Ct. p. 514.) In the present case we do not have such specific and detailed allegations.

In considering this question it must be noticed that although appellant was sen-

tenced on March 13, 1959, he did not file his first motion to vacate or reduce the sentence until October 15, 1962, some three and one-half years later. There is no explanation for this delay. Incidentally, this was some eight months after the opinion was handed down in the Machibroda case on February 19, 1962, in which the basis of the motion to vacate is substantially the same as the one alleged by appellant in the present case. No reason is suggested by appellant, and none appears to exist, why the United States Attorney would make such an agreement. Proof of appellant's guilt was apparently beyond question. The four defendants were arrested within a few hours after the robbery, and appellant had $2,170.00 of the stolen money on his person when caught. When the guilty plea was entered the appellant expressly acknowledged to the Court that it was voluntary and entered because he was guilty of the charge. See: United States v. Davis, 319 F.2d 482, C.A.6th.

Appellant relies in part upon two witnesses whose names he does not even disclose, two codefendants, whose credibility is such as to give little, if any, weight to what they might say in favor of appellant's claim, and the two attorneys in the case, who, obviously, can not on the record before us be considered by the Court as witnesses favorable to the appellant. Not only are we not advised of what these witnesses would testify to specifically, but such allegations by the appellant would in the present state of the record be purely hearsay. In our opinion, the allegations of the motion are, in the language used in Machibroda, supra, vague, conclusory, or palpably incredible, and as such, do not raise a bona fide factual issue upon which a hearing must be held. Johnson v. United States, 239 F.2d 698, C.A.6th, cert. denied, 354 U.S. 940, 77 S.Ct. 1404, 1 L.Ed.2d 1539; O'Malley v. United States, 285 F.2d 733, 735, C.A.6th; United States v. Thomas, 291 F.2d 478, 480, C.A.6th, and cases therein cited. See also: United States v. Davis, supra, 319 F.2d 482, C.A.6th.

The judgment is affirmed.