**Curtis J. OLIVE, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 15318.

United States Court of Appeals Sixth Circuit.

Feb. 14, 1964.

Donald A. Schenck, Cincinnati, Ohio, for appellant.

Edward N. Vaden, Memphis, Tenn. (Thomas L. Robinson, U. S. Atty., Herbert J. Miller, Jr., Asst. Atty. Gen., Washington, D. C., on the brief), for appellee.

Before PHILLIPS, Circuit Judge, and WEINMAN and KAESS, District Judges.

HARRY PHILLIPS, Circuit Judge.

This is an appeal from a judgment of the District Court denying without a hearing appellant's motion to vacate sentence, filed pursuant to 28 U.S.C. § 2255.

Appellant and three codefendants were charged with robbing a bank in Oakland, Tennessee, and placing the employees' lives in jeopardy by the use of a dangerous weapon, in violation of 18 U.S.C. § 2113. Appellant, with representation by counsel employed by his father, entered a plea of guilty and, on March 29, 1961, was sentenced to imprisonment for a term of twenty-five years.

On October 2, 1962, eighteen months later, appellant filed the present motion to vacate sentence. One of appellant's allegations is, in effect, that he was not represented by counsel of his choice. The record shows that appellant's father retained an experienced Memphis lawyer to represent him. This attorney conferred with appellant and was with him at his first appearance in court. At each of appellant's next two appearances he was represented by a different law partner in the same law firm originally retained by his father. Appellant claims that he had a right to be represented throughout by the same original attorney, and that the two law partners of the latter rendered ineffective counsel because they were not familiar with the case. It appears that these two attorneys were competent and experienced, particularly in the field of criminal law, and one of them was a former Assistant United States District Attorney. The attorney who participated in the final hearing made a detailed statement of the facts in open court, demonstrating his thorough familiarity with the case, and pleaded for the mercy of the Court. We are of the opinion that appellant's claim, in this respect, is completely without merit.

Appellant's essential allegation is that his plea of guilty was not made voluntarily and that the District Judge violated Rule 11, Federal Rules of Criminal Procedure, in not determining that the plea of guilty was "made voluntarily with understanding of the nature of the charge." The motion alleges that appellant was induced to plead guilty by his attorney, who represented that he and the United States Attorney had entered into an agreement whereby appellant would receive only a ten year sentence if he would plead guilty and would convince two of his codefendants to change their pleas to guilty.

The government filed a response to the motion, and appellant's attorney filed an affidavit vehemently denying the allegations made in the motion.

In considering appellant's allegations we start with Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473, which held that a guilty plea which is induced by promises or threats loses its voluntariness and is void,

and that the allegations of such an inducement raises a factual issue which, in that case at least, entitled the petitioner to a full hearing.

Machibroda does not mean that a full hearing is automatically required because a factual issue is raised by the motion to vacate. This is made clear by the following language of the opinion:

"What has been said is not to imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be. The language of the statute does not strip the district courts of all discretion to exercise their common sense. Indeed, the statute itself recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner." 368 U.S. at 495, 82 S.Ct. at 514, 7 L.Ed.2d 473.

See also United States v. Orlando, 327 F.2d 185 (C.A.6); United States v. Davis, 319 F.2d 482, 484 (C.A.6). Cf., United States v. Thomas, 291 F.2d 478 (C.A.6); Johnson v. United States, 239 F.2d 698 (C.A.6), cert. denied, 354 U.S. 940, 77 S.Ct. 1404, 1 L.Ed.2d 1539.

■ It appears to be beyond doubt that appellant, who has twice been in prison for the sale of narcotics, was guilty of the crime with which he was charged. He and his codefendants were apprehended in a stolen automobile minutes after the bank robbery, and the stolen money and appellant's revolver were found in the car. Appellant freely discussed the robbery in court and he has admitted his guilt from the outset.

In the District Court the Judge questioned appellant as to his guilt and his plea of guilty, and gave him every opportunity to make a statement. When appellant's attorney entered his plea of guilty, the Court asked: "And that is what you want to do, is it, Olive?" and appellant answered, "Yes, sir." Again at the sentencing the Court asked: "And Curtis J. Olive, you stand on your guilty plea, and you are guilty?" and appellant replied: "That is right." Both before and after sentencing, appellant was given an opportunity to speak.

For example, the record contains this testimony:

"Mr. Hawkins: I think this defendant has cooperated with the officers and the Court. And on his guilty plea we respectfully request Your Honor's mercy.

"The Court: All right, Olive, do you want to say something about this?

"Defendant Olive: No, sir, there is not nothing I can say about it, only that just one thing, that actually I did not come out of the bank because we heard the horn blow. Is that we saw the gentleman come to the door and left, and then we come out of the bank. But actually the bank—I had planned to rob the bank Thursday and by the bank being closed, and we being five hundred eighty-nine miles from home, and I had run out of money, I had no other alternative but to try to get money to get back home.

"The Court: You say you did not hear the horn blow?

"Defendant Olive: No, sir.

"The Court: Well, ——

"Defendant Olive: That is something new that come up since we have been incarcerated that we did not know anything about. The officer—federal agent asked me about it, and I told him I did not blow the horn.

"The Court: Mr. Hodges, the District Attorney, has stated the true facts.——

"Defendant Olive: Yes, sir.

"The Court: (Continuing) —— about your case, has he?

"Defendant Olive: Yes, sir.

"The Court: With that possible exception?

"Defendant Olive: Yes.

"The Court: Is that right?

"Defendant Olive: Yes, sir."

Thus the record shows that appellant's plea of guilty was entered voluntarily. See United States v. Davis, supra.

The case was not speeded through the District Court. The arrest was made on February 2, and nineteen days passed before an indictment and three more days before arraignment. The appellant was brought before the Court a second time fourteen days later and a third time nineteen days later. At each appearance he was represented by a member of the law firm employed by his father. Appellant had from February 2 to March 29 to make a decision as to whether or not he wanted to enter a plea of guilty. His statements in open court and his response to questions clearly show that he had an understanding of the nature of the charge.

Furthermore appellant makes no averments of details in his motion to substantiate his allegations as to the promises alleged to have been made by his attorney. He did not name any witness or file any affidavits which might support his allegations. This serves to distinguish this case from Machibroda v. United States, supra, where "the petitioner's motion and supporting affidavit set out detailed factual allegations. Specifically, the motion and affidavit alleged that on three separate occasions, identified as to time and place," promises of leniency were made to him. 368 U.S. at 489, 82 S.Ct. at 511, 7 L.Ed.2d 473. In its holding the Supreme Court emphasized the "specific and detailed factual assertions of the petitioner." 368 U.S. at 496, 82 S.Ct. at 514, 7 L.Ed.2d 473.

In the present case there is no such specificity. United States v. Orlando, supra. On the contrary, the allegations are vague and conclusory, and, in our opinion, do not present factual issues which would require a full hearing. United States v. Orlando, supra; United States v. Davis, supra; United States v. Thomas, supra; Johnson v. United States, supra.

In this case the government filed a detailed five-page response to the petition, supported by four exhibits, including an affidavit of the attorney who represented appellant at the hearing. The response of the Government specifically denied each material averment of the petition, which was not done in Teller v. United States, 263 F.2d 871 (C.A.6).

Appellant has been represented in this case by an attorney appointed by this Court, Mr. Donald A. Schenck of the Cincinnati bar, who filed an excellent brief and made a forceful argument on behalf of his client. The Court expresses its appreciation to Mr. Schenck for his assistance.

The judgment is affirmed.