**Lamar WILLIAMS, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee**

No. 15961.

United States Court of Appeals Sixth Circuit.

March 19, 1965.

Lamar Williams, in pro. per.

Thomas L. Robinson, U. S. Atty., Dwayne D. Maddox, Asst. U. S. Atty., Memphis, Tenn., Herbert J. Miller, Jr., Asst. Atty. Gen., Dept. of Justice, Criminal Division, Washington, D. C., on brief for appellee.

Before CECIL, O'SULLIVAN and PHILLIPS, Circuit Judges.

PER CURIAM.

The petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was disallowed by the district court, and petitioner has appealed.

Petitioner and three codefendants were charged with robbing a bank in Oakland, Tennessee, on February 3, 1961, and placing the bank employees' lives in jeopardy by use of a dangerous weapon, in violation of 18 U.S.C. § 2113. Petitioner was represented by counsel at the hearing and entered a plea of guilty.

This is the same bank robbery that was involved in Olive v. United States, 327 F.2d 646 (C.A. 6), cert. denied, 377 U.S. 971, 84 S.Ct. 1653, 12 L.Ed.2d 740. The facts in the present case are substantially similar in many respects to the facts as set forth in some detail in the opinion of this court in the Olive case, and will not be repeated here.

The order of the district judge contains the following summary of the former proceedings:

"The petitioner entered pleas of guilty in this Court to the offenses charged against him and completely admitted his guilt of the offenses in open court.

"The United States of America has filed a motion to dismiss the petition and supported that motion with Affidavits of Special Agents of the Federal Bureau of Investigation and also the complete official court reporter's transcript of all proceedings in this case. The Court recalls vividly this entire matter. The petitioner, along with his accomplices, were apprehended in a getaway car with the money obtained during the robbery and the gun used in the holdup was found in the car minutes after the robbery of The Oakland Deposit

Bank, Oakland, Tennessee, on February 3, 1961.

"As shown by the transcript, the indictments were read to the petitioner in full by the Clerk in open court. At the time the pleas of guilty were entered in this cause, Lamar Williams was represented by competent counsel who was acquainted with his family. The Court questioned him as to his guilt of the offenses charged against him. Subsequently, on the date of sentencing, March 29, 1961, the Court again questioned petitioner as to his pleas of guilty and afforded him every opportunity to make a statement and asked him if the District Attorney made a true factual statement of his case."

We find that this summary is fully supported by the record.

The judgment of the district court is affirmed. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473; Olive v. United States, supra; United States v. Orlando, 327 F.2d 185 (C.A. 6), cert. denied, 379 U.S. 825, 85 S.Ct. 50, 13 L.Ed.2d 35.