**Franklin Delano LEGG, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 16082.**

United States Court of Appeals
Sixth Circuit.

Sept. 15, 1965.

---

3. Ruark v. Colorado, 378 U.S. 585, 84 S.Ct. 1935, 12 L.Ed.2d 1042.

4. Ruark v. People, 402 P.2d 637.

Franklin Delano Legg, in pro. per.

Joseph P. Kinneary, U. S. Atty., Robert A. Bell, Asst. U. S. Atty., Columbus, Ohio, for appellee on brief.

Before CECIL, O'SULLIVAN and PHILLIPS, Circuit Judges.

O'SULLIVAN, Circuit Judge.

We deal again with a federal prisoner convicted on a plea of guilty who now seeks relief upon the claim that such plea was "coerced and induced" by promises of his privately retained counsel that the case was "fixed" so that appellant would be given probation. Appellant was convicted upon his plea of guilty to theft of United States mail. He had had two felony convictions before the mail stealing enterprise here involved and was then on parole from the Ohio penitentiary. He was given a prison sentence following his plea of guilty, but at that time he expressed no surprise or claim that the promises allegedly made to him were violated. After opportunity for reflection provided by his stay in prison and possibly with some study of the law, however, he constructed his petition under 28 U.S.C.A. § 2255 setting forth the charged faithlessness of his attorney. Although he now protests his innocence, the presentence colloquy can be read only as containing petitioner's admission of guilt; such colloquy in our view further bespeaks the voluntariness of his plea of guilty. Appellant's petition was denied in the District Court without hearing. Affidavits by the United States Attorney and by Legg's accused counsel denying petitioner's allegations of unfulfilled promises were filed. These, however, may not be used as a substitute for testimony if a hearing is called for. Machibroda v. United States,

368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); Scott v. United States, 349 F.2d 641 (CA6, 1965).

Petitioner's allegations are conclusional and general, and rely primarily on assertions that his attorney's broken promises were made to petitioner's wife and father and to another. No affidavits of these alleged promisees, however, support his petition. On his own, he asserts that "petitioner's attorney succeeded in persuading petitioner to change his plea after said attorney promised petitioner that he had it 'fixed' so that petitioner would receive probation or a suspended sentence."

No purpose would be served by setting forth verbatim the presentence colloquy between petitioner, his attorney, the government representatives and the sentencing judge. Neither do we think detailed repetition of Legg's general allegations in his § 2255 petition would add anything to the literature of the law on the subject before us.

While they may be narrow, we find distinctions between the facts of the case before us and those involved in Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), and in our recent decision in Scott v. United States, 349 F.2d 641 (CA6, 1965). Petitioner's allegations are not characterized by the detail and specificity which prompted those decisions. We are impressed that the observations made by this Court in United States v. Orlando, 327 F.2d 185, 188 (CA6, 1964) and Olive v. United States, 327 F.2d 646 (CA6, 1964) fit the case at bar. We hold that no hearing was required to be held on such general allegations. Finally, we think it appropriate to remark that the current popularity of the type of petition presently before us would be reduced if District Judges would in all cases make careful inquiry of any accused offering to plead guilty whether any promises or assurances of leniency had been made. This could be of such "penetrating and comprehensive" character as to foreclose

later repudiation of admissions that no promises had in fact been made. See Von Moltke v. Gillies, 332 U.S. 708, 724, 68 S.Ct. 316, 92 L.Ed. 309 (1948).

Judgment affirmed.