**Marvin NORMAN, Appellant,**

v.

**UNITED STATES of America.**

**No. 15802.**

United States Court of Appeals
Third Circuit.

Submitted Oct. 3, 1966.

Decided Oct. 28, 1966.

Marvin Norman, pro se.

Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., (Joseph P. Braig, Asst. U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before FORMAN, FREEDMAN and SEITZ, Circuit Judges.

PER CURIAM:

On January 7, 1964, in the United States District Court for the Eastern District of Pennsylvania the trial of the appellant, Marvin Norman, was interrupted to permit the entry of a plea of guilty to one count of the four count indictment charging violations of the Federal Narcotics Law.[1] Following the guilty plea the Government moved to dismiss the remaining three counts and the motion was granted. The District Judge then imposed the mandatory minimum sentence of five years.[2]

The present appeal arises from the District Court's denial, without hearing, of a motion to vacate the sentence.[3] It raises for the first time a claim that appellant entered his guilty plea in reliance on the statement of his counsel in the presence of his sister that if he would plead guilty to one count of the indictment he would receive a sentence of but

---

1. 26 U.S.C. § 4742(a).

2. 26 U.S.C. § 7237(b).

3. 28 U.S.C. § 2255.

one year, whereas the Court imposed the mandatory minimum sentence of five years.

Since April of 1964 the appellant has, without success, filed numerous papers in the District Court seeking release by way of habeas corpus, alleging violations of his constitutional rights and has pursued the litigation in this court. Taking into consideration petitioner's statement professing unawareness of "technical insights" we prefer to proceed directly to the merits of his appeal without deciding the question raised by the appellee that appellant's claim is barred because he has abused the habeas corpus procedure by failing to allege in earlier petitions facts available to him of known legal significance.[4]

Appellant contends that the District Judge failed to comply with Rule 11 of the Federal Rules of Criminal Procedure

in determining the voluntariness of his plea of guilty. Indeed, he charges that the exchange between his counsel and the trial judge at the time of sentence lulled him into the belief that the alleged representation of his counsel that his sentence would be but one year would be implemented by the court in a resentence to the reduced term within 60 days. At the time of sentencing the appellant was represented not by court-appointed counsel, but by one of his own choice, regarded by the District Judge as "one of the leaders of the criminal bar." No claim is made that any assurances were given to the appellant by Government officers or the Court, nor that counsel indicated that such assurance was the basis of his statement that appellant would receive only a one year sentence.[5]

The substance of the colloquy at the time of the plea and the imposition of sentence is set forth in the margin below.[6]

4. See Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); United States ex rel. McGrath v. LaVallee, 319 F.2d 308, 312 (2 Cir.1963).

5. Compare Olive v. United States, 327 F.2d 646 (6 Cir. 1964) with Romero v. United States, 327 F.2d 711 (5 Cir. 1964).

6. "Mr. Leidner [Defense Counsel]: Your Honor, after a conference with my client and the United States Attorney, the defendant desires to change his plea in Count 1 of the indictment, and I assume the United States Attorney will have some motion to make after the re-arraignment of the defendant.

"The Court: He is changing his plea?

"Mr. Leidner: Yes, sir.

"The Court: So far as Count 1 is concerned?

"Mr. Leidner: That's correct."

\* \* \* \* \*

"The Clerk: In this indictment of the United States versus Marvin Norman, also known as Melvin, Bill Number 21550, transferring marijuana not pursuant to written form; obtaining marijuana without paying the transfer tax, you have previously pleaded not guilty to Count 1. How do you now plead?

"The Defendant: Guilty.

"The Court: Your motion.

"Mr. Ritchie [Assistant U.S. Attorney]: Your Honor, on behalf of the Government, I now move to dismiss Counts 2, 3, and

4 of the indictment, and I have a written motion to that effect.

"The Court: Very well. I will grant your motion and sign it. Now, Mr. Norman, you have heard what Mr. Leidner has said?

"The Defendant: Yes, sir.

"The Court: That you have changed your plea as to Count 1?

"The Defendant: Yes, sir.

"The Court: From not guilty to guilty?

"The Defendant: Yes, sir.

"The Court: You understand what that means, do you?

"The Defendant: Yes, sir.

"The Court: No promises have been made to you in any way, have they?

"The Defendant: No, sir.

"The Court: No statement has been made to you by anybody——

"The Defendant: No, sir.

"The Court: ——as to what I might do in the way of sentence?

"The Defendant: No, sir.

"The Court: You know exactly that you can go to jail for a long time?

"The Defendant: Yes, sir.

"The Court: Do you understand that?

"The Defendant: Yes, sir.

"The Court: And as I said, no promises have been made to you as to what I would do or would likely do?

"The Defendant: No. sir."

\* \* \* \* \*

"The Court: Are we agreed, gentlemen, that the *minimum sentence for this offense is five years?*

It is clear therefrom that the District Judge substantially complied with Rule 11 of the Federal Rules of Criminal Procedure as to the voluntariness of the plea. The District Judge and appellant's counsel made it emphatically plain to appellant that the minimum sentence that could be imposed upon him was five years. Appellant's theory that the statements of the District Judge and of counsel justified his conclusion that his resentence to one year would follow within 60 days simply fails in the face of the record.

The requirement of a hearing generally necessary for the disposition of factual issues in motions under Section 2255 is subject to the statutory qualification that the record of the case may be sufficient to dispose of the motion where it "conclusively show[s] that the prisoner is entitled to no relief." [7] The record here leaves no doubt that the appellant was well-informed and understood that the offense to which he had pleaded guilty carried a mandatory minimum sentence of five years. It also shows that the appellant has received fact-finding on the voluntariness of his plea under Rule 11. Under all the circumstances, there is no reason to duplicate that effort here. [8] Hence the order of the United States District Court for the Eastern District of Pennsylvania denying his motion to vacate sentence will be affirmed.

---

"Mr. Leidner: That's correct. I looked it up, Section 7237, if your Honor, please."

\* \* \* \* \*

"The Court: What is the penalty? *Not less than five?*

"Mr. Leidner: *Not less than five nor more than twenty for the first offense.*"

(There ensued a lengthy discussion of appellant's criminal and employment record.)

\* \* \* \* \*

The Court: As I said, Mr. Norman, as you know, *I could give you twenty years.* Do you understand that?

"The Defendant: Yes, sir.

"The Court: This is a very serious thing; a very serious thing, but I won't do that in your case for several reasons."

\* \* \* \* \*

"The Court: —the sentence of the Court is that it commits you to the custody of the Attorney General for a period of five years. *That is a bare minimum; do you understand?*

"The Defendant: Yes, sir.

"The Court: And I have given the reasons. Now there is only one condition to that, and that is that I do want a report from the probation officer as soon as you can get it to me.

"Mr. Roye H. Barrett (Probation Officer): Yes, sir.

"The Court: I can change the sentence within a period of sixty days; isn't that correct?

"Mr. Ritchie: I believe so, your Honor.

"The Court: Yes, so I am making this conditional.

"Mr. Leidner: If your Honor, please, I want to be perfectly frank with the Court. I think under the decisions your Honor can decrease a sentence, *not in this particular instance,* but can not increase it, and I don't want to tell the Court that it can. \* \* \*"

\* \* \* \*

"The Court: Well, for the purpose of the record, you let me have a probation report.

"Mr. Barrett: Yes, sir."

(Emphasis supplied.)

7. Cain v. United States, 271 F.2d 337 (8 Cir. 1959).

8. See Lynott v. United States, 360 F.2d 586 (3 Cir. 1966); United States v. Lester, 328 F.2d 971 (2 Cir. 1964); United States v. Davis, 319 F.2d 482 (6 Cir. 1963). Petitioner's reliance on Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962) is misplaced. In that case there was a failure by the District Judge to inquire into the voluntariness of the guilty plea in accordance with Rule 11 standards. Also, the petitioner there set forth detailed factual allegations in an affidavit supporting his motion charging that he was instructed by the Assistant District Attorney to withhold knowledge of the alleged plea bargain from both his own counsel and the Court. Moreover, *Machibroda* in terms states that a hearing is not automatically required, and the conditions supporting its denial are clearly present here. See also United States v. Davis, supra; Olive v. United States, supra note 5.