William Edward **EARLEY**, #30745,
Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

Civ. No. 66–1479–CC.

United States District Court
Central District California.

Dec. 16, 1966.

States Code, claims (1) that his guilty plea was improperly coerced and is void because the United States Attorney "reneged" on his promise of leniency, and (2) that he was denied counsel following his arrest and statements subsequently obtained from him "were used by the Government to deprive petitioner of a fair trial, fair plea, and fair sentence."

The Assistant United States Attorney who was assigned to the case has filed an affidavit in which he asserts that no promises of any kind were ever made to the petitioner.

When petitioner first appeared in court for arraignment on arraignment day, the petitioner was advised as follows: that every person charged with an offense is entitled to a jury trial, to be represented by counsel, and to have witnesses subpoenaed in his behalf; that, if a defendant did not have funds and was financially unable to employ counsel, the court could and would appoint an attorney to represent him.

When counsel for petitioner appeared with him and stated to the court that petitioner wished to change his plea from not guilty to guilty, the reporter's transcript discloses that the following occurred:

"THE CLERK: William Edward Early, are you the defendant William Edward Early?

DEFENDANT WILLIAM EDWARD EARLY: Yes, sir.

THE CLERK: Do you now withdraw your plea of not guilty which you have heretofore entered to the charges in the indictment?

DEFENDANT WILLIAM EDWARD EARLY: Yes, sir.

THE CLERK: Now the indictment charges that on or about March 2, 1964, in Los Angeles County, California, you by force and violence and by intimidation, knowingly and wilfully took $4,932.00 belonging to and in the care, custody, control and possession of the United California Bank, Florence and Central Branch, a bank whose

William Edward Earley in pro. per.

John K. Van de Kamp, U. S. Atty., William Gargaro, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

## ORDER DENYING MOTION UNDER SECTION 2255, TITLE 28, UNITED STATES CODE

CARR, District Judge.

Petitioner having filed a motion pursuant to Section 2255 of Title 28, United

deposits were insured by the Federal Deposit Insurance Corporation, and that in committing the offense charged you assaulted and put in jeopardy the life of Jennie Johnson, a teller; do you understand that charge?

DEFENDANT WILLIAM EDWARD EARLY: Yes, sir.

THE CLERK: What is your plea to that charge? Are you guilty or not guilty?

DEFENDANT WILLIAM EDWARD EARLY: Guilty.

THE CLERK: Do you plead guilty to the offense because you did commit it?

DEFENDANT WILLIAM EDWARD EARLY: Yes, sir.

THE COURT: In other words, it is correct that you did do the acts as read to you by the clerk?

DEFENDANT WILLIAM EDWARD EARLY: Yes, sir.

THE COURT: Has anyone promised you anything to enter this plea?

DEFENDANT WILLIAM EDWARD EARLY: No, sir.

THE COURT: Has anyone threatened you in any way at all?

DEFENDANT WILLIAM EDWARD EARLY: No, sir.

THE COURT: Have you been told what the penalty could be?

DEFENDANT WILLIAM EDWARD EARLY: Yes, sir.

THE COURT: I am sorry, you will have to put it in words, don't nod your head.

DEFENDANT WILLIAM EDWARD EARLY: Yes, sir.

THE COURT: You realize you can get 25 years on this charge?

DEFENDANT WILLIAM EDWARD EARLY: Yes, sir.

THE COURT: And nothing has been said to you by anyone that leads you to believe that any kind of promises have been held out to you to enter this plea?

DEFENDANT WILLIAM EDWARD EARLY: No, sir.

THE COURT: You are doing it of your own free will and accord?

DEFENDANT WILLIAM EDWARD EARLY: Yes, sir.

THE COURT: Because you did it?

DEFENDANT WILLIAM EDWARD EARLY: Yes, sir." (page 4, line 20—page 6, line 20)

Sentence was imposed April 27, 1964, and thereafter on June 3, 1964, petitioner's motion for reduction of sentence was denied. The foregoing record clearly indicates that petitioner's claims are frivolous.

It would appear to be obvious from the proceedings heretofore set out that petitioner is now trying to make it appear that he lied at the time of his plea when he told the court that his plea was understandingly and voluntarily made and without coercion or promises of any kind. Undoubtedly petitioner's present contentions are purely an afterthought and the result of a contrivance to free himself.

In this connection it is to be noted that subsections (a), (b), and (c) of paragraph 9 and subsections (a), (b), and (c) of paragraph 10 of the motion of petitioner are identical word for word with the motion under Section 2255 filed by his codefendant, Curtis Jay Williams. These paragraphs set up the grounds for petitioner's motion.

Petitioner's motion must be denied for several reasons: First, the allegations are vague, conclusionary, and are not sufficient to require a hearing. Second, there are no allegations that any alleged admissions or confession influenced petitioner to enter his plea of guilty. Third, the record shows that the plea made in open court was voluntarily and understandingly made. Fourth, the plea in open court, with his attorney present and under all of the circumstances, was clearly a voluntary confession and admission of the crime. Fifth, defendant's conduct at the time of plea shows a deliberate waiver of any claimed constitutional

violations which may have occurred prior to the plea.

Petitioner's contentions are insufficient to warrant relief. Relief was denied in a case quite similar to this one. In Grove v. Wilson (9 Cir., Nov. 7, 1966), 368 F.2d 414, after a plea of guilty, petitioner sought a writ of *habeas corpus* which was denied. There petitioner asserted that within one hour after his arrest he was taken to an interrogation room for lengthy questioning, was told that he would be charged with first degree murder and would probably go to the gas chamber if he failed to cooperate; that, after threats and promises of leniency if he would cooperate, he confessed to knowledge of the crime; that thereafter he was taken into court for arraignment and a lawyer was appointed to represent him who, after consultation, urged him to plead guilty; and that his plea of guilty was entered and he was not advised by the court or his counsel of the seriousness of the plea, etc. The court held that the petition did not allege facts which would entitle petitioner to relief or which showed a violation of any federal constitutional rights.

A review of the many cases relating to the subject matter of this motion and, in particular, those of the Court of Appeals for the Ninth Circuit which have been decided since the decision in Grove v. Wilson has created uncertainty in the minds of the district judges. For example, in Kuhl v. United States (9 Cir., 370 F.2d 20, Nov. 18, 1966), before the court *in banc,* the majority held that there was a waiver by the petitioner thereby bypassing the question of whether a federal prisoner was entitled to raise a previously unlitigated search and seizure question in a Section 2255 proceeding. The dissent by four of the judges held that the prisoner was entitled to raise such a question. In the dissenting opinion the court specifically stated at page 28:

"As pointed out in the majority opinion, the prior decisions of this court support the determination of the district court that, even where the circumstances do not show an effective waiver, a federal prisoner is not entitled to raise a previously unlitigated search and seizure question in a section 2255 proceeding. The last such decision was rendered in Williams v. United States, 9 Cir., 307 F.2d 366."

Thus at the moment the district judges must follow Williams v. United States, but with misgivings.

Gladden v. Holland (9 Cir., 1966), 366 F.2d 580, does not resolve the uncertainty in this area. There a plea of guilty was claimed to have been obtained by a coerced confession based upon (1) a denial of his request for counsel, (2) no warning of his constitutional rights, (3) continued questioning by teams of officers, and (4) the calling of victims to view the defendant. Furthermore, a few hours after confession, the defendant was taken directly to the circuit judge who explained the defendant's rights. Defendant waived indictment, waived counsel, and entered his plea. The court stated at page 583 "the problem is to determine whether the guilty plea was based thereon." The court apparently based its decision on the premise that the circumstances which rendered Holland's confession involuntary had not been substantially removed at the time he entered his plea of guilty. The decision appears to support the principle that the guilty plea may or may not be the result of the prior occurrences. It should also be noted that the defendant was not asked by the judge if his plea was voluntary, nor was he advised of the maximum penalty.

The instant situation is unlike that in Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473, in which the court pointed out that petitioner's motion and affidavit contained charges which were detailed and specific. The court further noted (p. 495, 82 S.Ct. p. 514) that:

"What has been said is not to imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, * * *."

In Burgess v. United States (9 Cir., 1963), 319 F.2d 345, the court based its decision that a hearing should be had upon specific allegations not only as to promised leniency but as to being subjected to physical and mental abuse and being refused medical attention. That case appears to be inapplicable to the instant matter.

Perry v. United States (9 Cir., 1964), 332 F.2d 369, would appear to have no application since there a mimeographed form was used and relied upon to sustain the voluntariness of defendant's plea.

The instant situation is unlike that in Olive v. United States (6 Cir., 1964), 327 F.2d 646, and Teller v. United States (6 Cir., 1959), 263 F.2d 871, where it was pointed out that in the absence of a denial by the government of an appellant's allegations such allegations must be accepted as true.

In Putnam v. United States (10 Cir., 1964), 337 F.2d 313, the refusal to grant a hearing was upheld on the grounds that the files and records in the case not only contradicted petitioner's allegation but showed without question that his plea was voluntarily entered. The district court had questioned petitioner extensively at the time his plea was entered.

In United States v. Lester (2 Cir., 1964), 328 F.2d 971, the court stated:

"In view of Lester's (petitioner's) interrogation at the time of plea, his denial of any inducement, his familiarity with the role of judge and prosecutor, reinforced by its recapitulation in his own case not long before, we think it would be utterly unreasonable to require a hearing on the voluntariness of Lester's plea; for 'the motion and the files and the records of the case'— particularly the meticulous questioning on acceptance of the plea—'conclusively show that the prisoner is entitled to no relief.'"

See also Legg v. United States (6 Cir., 1965), 350 F.2d 945.

Before reaching a conclusion, consideration must be given to the case of Sessions v. Wilson (9 Cir., Nov. 28, 1966). On page 370 of 372 F.2d the court said:

"The court, however, did not inquire as to whether Sessions was aware of the statutory offenses included within the charge, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof."

The foregoing statement appears to be dicta. If not, it presages a monumental problem for the district courts. In the present case there was no discussion with petitioner concerning the statutory offenses included within the charge of bank robbery, nor the "range of allowable punishments thereunder," nor was there discussion by the court with petitioner or his counsel as to the "possible defenses to the charges," and certainly the only discussion relating to "mitigation" occurred at the time of sentence.

It should be pointed out that Title 18, U.S.C. § 2113 (bank robbery and incidental crimes), covers at least four lesser offenses with separate punishment for each offense. To enter into a discussion of the included lesser offenses with defendant and his counsel would lead to no end of difficulty, particularly when the defendant, with his counsel present, is asking to enter a plea to the greater offense, namely bank robbery with a dangerous weapon, which carries a penalty of twenty-five years.

Despite the dicta of Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309, which was decided January 19, 1948, there is no indication that any district judge in the Ninth Circuit has followed such specifications. Certainly they have not in the Central District of California, formerly the Southern District of California. Thus, the failure of the district judges in the past to follow such a procedure may well lead to a flood of motions under Section 2255 if the above referred to quotation is controlling as a matter of law.

In the Central District of California, formerly the Southern District of California, for several years the yearly criminal case load has exceeded 1,200 cases,

in about eighty per cent of which or approximately 1,000 cases pleas of guilty are entered. These cases could result in a bumper crop of motions under Section 2255. Frivolous petitions for writs and motions under Section 2255 have been a severe burden.

The latest case which bears on the present matter is that of Doran v. Wilson (9 Cir., 369 F.2d 505, Dec. 5, 1966). The court pointed out that a plea of guilty may still be free and voluntary although it be contended that the government has obtained evidence in violation of the Fourth Amendment or has obtained statements in violation of the Fifth and Sixth Amendments. However, the court indicated that what motivated a defendant in entering a plea may present a question which entitles him to a hearing. The question immediately arises as to what is to be considered in determining motivation. Aside from the restrictions upon the court to inquire into the confidential matters that occur between the defendant and his counsel, practical considerations suggest the inadvisability of endeavoring to ascertain the reasons discussed by the defendant and his counsel for entering a plea.

█ █ Therefore, it would appear that all of the circumstances surrounding the entry of the plea of guilty in court should be considered for the purpose of determining whether the plea was voluntary or not. If, for example, it is shown that a man were under the influence of drugs or that he was in shock or in any condition which precluded him from understanding the proceedings, then, of course, the plea could not be considered voluntary. There may be circumstances occurring so closely prior to the plea that they would prevent it from being voluntarily and understandingly made. However, where a defendant pleads guilty—as in this case —after having been advised that he was entitled to a jury trial, to be represented by counsel, to have witnesses subpoenaed in his behalf, and after having requested through his counsel to be allowed to plead guilty, and thereafter is carefully questioned by the court as to the specific charge and his desire to plead thereto and he indicates in his answers to the questions of the court that he has received no promises of any kind and he has not been threatened in any way, that he understands that he may receive the maximum sentence of twenty-five years, and that he is pleading guilty to the charge because he is guilty, it would seem that he has had his day in court and that the circumstances clearly indicate the plea was voluntarily and understandingly made.

█ It would appear that, unless there is some showing of most unusual or extraordinary circumstances, a plea of guilty taken under circumstances as they occurred in this case ought to be final and should foreclose further inquiry into matters which petitioner indicated had not occurred prior to his plea. To permit unlitigated questions under the Fourth, Fifth, and Sixth Amendments to remain dormant for years and then be litigated in motions under Section 2255 or *habeas corpus* proceedings does not further the administration of justice.

█ Certainly no one wishes to deprive any defendant of his constitutional rights, but there is a time and place for such rights to be asserted and there ought to be at some point a finality to matters that proceed through the courts. Defendants are not the only ones who have a stake in matters of this kind. An orderly society also requires that it be protected from crimes against it and that there be as little confusion and uncertainty as possible as to the interpretation of the laws.

█ Petitioner's contentions respecting the lack of counsel cannot be sustained since he was sentenced on April 27, 1964, before Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, became effective. Furthermore, the record in this case heretofore referred to completely contradicts petitioner's claim in this regard and would, under any circumstances, compel the conclusion that his claim cannot be sustained.

In view of the allegations made by petitioner and the lack of any detailed facts

and in view of the record and files as well as the reporter's transcript, it is apparent that petitioner's motion is without merit.

It may well be that an appeal in this matter may resolve some of the problems which have been alluded to in this order.

Now, therefore, it is ordered that the motion of petitioner pursuant to Section 2255, Title 28, United States Code, is denied. The clerk of the court is directed to serve a copy of this order upon the petitioner.