Terry Lee **WITMER**, Movant,

v.

**UNITED STATES of America,**
**Respondent.**

Civ. A. No. 2422.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Aug. 25, 1969.

Terry Lee Witmer, pro se.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for respondent.

## MEMORANDUM OPINION

NEESE, District Judge.

The movant Terry Lee Witmer, a prisoner in custody under sentence of this Court, claims the right to be released on the ground that the sentence was imposed in violation of the Constitution and laws of the United States and is otherwise subject to collateral attack, and moves the Court to vacate and set aside such sentence. 28 U.S.C. § 2255. This motion and the files and records in United States of America v. Terry Lee Witmer, et al., criminal action no. 6824, this district and division, show conclusively that this prisoner is entitled to no relief. Idem.; Olive v. United States, C.A.6th (1964), 327 F.2d 646, 647–648[1], 648–649[2].

Mr. Witmer and his two codefendants appeared before this Court on January 25, 1965. Before any further proceedings were had, the Court stated:

"Let me say to all of you gentlemen, you have the right to the benefit of counsel, that is, the advice of a lawyer and the services of a lawyer, before any proceedings may be taken against you in a criminal court. This, of course, is a criminal court, and this is a criminal matter. That is a right that you are guaranteed by the Constitution of our country. Do you want time to get you an attorney, or do you wish to waive that right?"

Thereupon, Mr. Witmer replied: "I wish to waive it."

The Court then stated further:

"All three of you understand now, whether or not you have the money or the means to get a lawyer, a lawyer can still be provided for you. Is that correct?"

Mr. Witmer thereafter responded: "Yes, sir."

After this, the prosecution attorney announced he had prepared forms for the

waiver by each defendant of an indictment and wished to file an information charging each of the defendants with violating the Dyer Act. 18 U.S.C. § 2312. The Court then stated:

"Let the Court explain to each of the defendants that you also have a right under our Constitution to have any criminal charge against you of any magnitude considered by a Grand Jury before you are ever called on to answer in a court such as this whether or not you are guilty or not guilty of those charges. The Grand Jury might return an indictment against you, or the Grand Jury might not return an indictment against you. Here again, this is a right that you have, but you can waive that right if you want to. If you do not want to waive it, you have a right to have your matter go before a Grand Jury.

"Mr. Myers [a codefendant of Mr. Witmer], what is your wish about that?"

To which Mr. Myers responded, "I feel it best to waive it."

The Court then said: "All right. You understand about your rights, and you want to waive it?"

Mr. Myers: "Yes, sir."

The Court: "And Mr. Witmer?"

Mr. Witmer: "I feel the same way."

After this, the Court stated further: " * * * [I]f you gentlemen want to waive the indictment, they will present you with a form, there, to you for you to sign, if that is what you want to do."

At this point, the prosecuting attorney stated that he knew nothing about the charge until that day. The Court permitted the waivers and the information to be filed, but before the arraignment of any of the defendants, required the arresting government agent to state the facts of the arrest. Thereafter, the clerk arraigned, *inter alia,* the defendant Mr. Witmer, as follows:

"Terry Lee Witmer, you are charged with one-count information, in that on or about January 14, 1965, you transported in interstate commerce from Annville, Pennsylvania to Greeneville, Tennessee a stolen 1959 Mercury station wagon, *knowing the same to be stolen.* [Emphasis supplied.] How say you, guilty or not guilty?"

Mr. Witmer then replied, "Guilty."

■ Thus, there is no merit to the movant Mr. Witmer's contention that he was denied his constitutional right to representation of competent counsel, that his plea of guilty was unlawfully induced, or that he did not know the vehicle in question was stolen at the time he transported it in interstate commerce. He intelligently and competently waived his right to counsel, see Meadows v. Maxwell, C.A.6th (1967), 371 F.2d 664, 668, and his voluntary plea of guilty to this offense was an admission that he knew the vehicle mentioned was stolen. *Cf.* Sutton v. United States, D.C.Tenn. (1968), civil action no. 2275, this district and division, see also Garner v. United States, D.C.Tenn. (1968), 296 F.Supp. 491, this district and Winchester Division. The movant is not permitted to use 28 U.S. C. § 2255 to raise these issues which could have been raised on direct appeal, Eisner v. United States, C.A.6th (1965), 351 F.2d 55, 57 [5].*

■ The final contention of the movant requiring discussion is that, at the age of 23 at the time of his conviction, he should not have been sentenced for treatment and supervision under the Federal Youth Corrections Act, esp. 18 U.S.C. § 5010(b) until discharged by the federal youth correction division of the board of parole under 18 U.S.C. § 5017 (c). There is no merit to this contention. Sentence was properly imposed by the Court under the Federal Youth Corrections Act (18 U.S.C. chap. 402).

---

* Other contentions of the movant are so vague and conclusory as not to require even a discussion here. *Cf.* Machibroda v. United States (1962), 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473.

The movant Mr. Witmer hereby is denied all relief. An order will be entered denying his motion herein. Rule 58, Federal Rules of Civil Procedure.