**Lawrence BURROW, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17032.**

United States Court of Appeals Eighth Circuit.

April 9, 1962.

Rehearing Denied April 27, 1962.

Lawrence Burrow, pro se.

D. Jeff. Lance, U. S. Atty., St. Louis, Mo., for appellee.

Before SANBORN and MATTHES, Circuit Judges.

PER CURIAM.

The appellant, a federal prisoner at Leavenworth Penitentiary, serving a ten-year sentence for violations of the laws of the United States relating to sale and possession of contraband narcotics, asks leave of this Court to prosecute his appeal in forma pauperis from an order of the District Court denying a motion for a sanity hearing under 18 U.S.C. § 4245 and a motion under 28 U.S.C. § 2255 for vacation of sentence, notwithstanding the certificate of the trial judge that his appeal is frivolous and not taken in good faith. He also asks for appointment of counsel. The Government asserts, in effect, that his appeal is so conclusively shown to be without merit by the files and records of the trial court that it should be dismissed as frivolous.

 In so far as the appeal is from the denial of the appellant's motion based on 18 U.S.C. § 4245, it is obviously frivolous, since an essential prerequisite for a hearing under that section is a certificate by the Director of the Bureau of Prisons that a person convicted of an offense against the United States has been examined by "the board of examiners" referred to in 18 U.S.C. § 4241 and that there is probable cause to believe that he was mentally incompetent at the time of his trial. United States v. Thomas, 6 Cir., 291 F.2d 478, 479–480. There was no such certificate in the instant case.

In his motion under 28 U.S.C. § 2255 for vacation of sentence, the appellant states that the sentence imposed was without authority of law and in violation of the Constitution of the United States, and that "because of petitioner's mental illness the sentence is void." He also states that he "is a drug addict and has been for a period of years." There is no statement and no showing in his motion under § 2255 that he was mentally incompetent at the time he was tried. The records of the trial court show that he was arrested July 12, 1960, and was thereafter in custody up to the time of his trial on November 16, 1960. He was, at the trial, represented by counsel of his own choosing. No suggestion was then made of mental incompetency. No facts are stated in his motion to indicate that he was mentally incompetent to stand trial.

■ This Court has ruled that the issue of insanity at the time of the commission of an offense of which a prisoner was convicted cannot be raised by motion under § 2255. Taylor v. United States, 8 Cir., 282 F.2d 16, 21. While it has been held that the question of mental competency at the time of trial, although not raised or suggested during the trial, may constitute a proper subject of inquiry by motion under § 2255 (Simmons v. United States, 8 Cir., 253 F.2d 909, 911; Taylor v. United States, supra, pages 21–23 of 282 F.2d), it is not conceivable to us that a mere self-serving general proclamation, declaration or conclusion of a prisoner that his sentence is void because of mental illness or because he has been a drug addict will entitle him to a sanity hearing under § 2255. See and compare: Cason v. United States, 4 Cir., 220 F.2d 510; Bishop v. United States, 96 U.S. App.D.C. 117, 223 F.2d 582, reversed and remanded 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835; Johnston v. United States, 10 Cir., 292 F.2d 51.

There is nothing to the appellant's contention that the sentence imposed upon him was unauthorized by law or was violative of the Constitution of the United States.

The appeal is dismissed as frivolous.