**Leslie Melvin SIMMONS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 879.

United States District Court
W. D. Arkansas,
Texarkana Division.

March 27, 1964.

Leslie Melvin Simmons, pro se.

Charles M. Conway, U. S. Atty., Ft. Smith, Ark., for respondent.

JOHN E. MILLER, Chief Judge.

The petitioner was arrested April 3, 1962, upon a warrant issued by the United States Commissioner based upon the complaint of FBI Agent John W. Martin charging the movant with transporting in interstate commerce from San Fernando, California, to Prescott, Arkansas, a certain 1958 Chevrolet station wagon, the property of Brian F. Milne, knowing said motor vehicle to have been stolen. On the same day he was taken before the United States Commissioner in the Texarkana Division, and after having been informed by the Commissioner of the charge against him and his right to have counsel, he waived a preliminary examination and was held to await the action of the Grand Jury. His bond was fixed at $1,000, which he was unable to furnish, and he was committed to jail.

He advised the Probation Officer that he did not desire to waive the return of an indictment, and accordingly the charge was submitted to a Grand Jury, which returned an indictment on May 22, 1962, charging that the movant, on or about March 30, 1962, "transported in interstate commerce from San Fernando, California, to Prescott, Arkansas, a certain motor vehicle, to-wit, a 1958 Chevrolet station wagon, bearing vehicle identification number B58L114280, the property of Brian F. Milne, 14500 San Jose, San Fernando, California, knowing the same to have been stolen in violation of 18 U.S.C.A. 2312."

On August 28, 1962, the movant was brought before the court by the United States Marshal for arraignment upon the indictment. The movant was not represented by counsel, and after being fully advised of his rights to counsel at all times during the proceedings, and that if he were unable to employ an attorney, that the court would appoint an attorney to represent him, the movant stated in open court that he did not desire the services of an attorney and requested the court to dispose of the case at once. The court then proceeded to read and explain the charge in the indictment, and after being fully advised by the court of his rights and the possible consequences of a plea of guilty or conviction, the movant entered a plea of guilty. In accordance with the request of the movant that the case be disposed of promptly, the movant was held in hold-over room until action could be taken on a subsequent charge of escape upon which movant had been held by the Commissioner.

On August 19, 1962, while the movant was being held in jail upon the charge contained in the indictment in Criminal

Action No. 4513, he and another prisoner escaped. Upon a complaint filed with the United States Commissioner for the Texarkana Division by FBI Agent John W. Martin, charging a violation of Title 18, U.S.C. § 751, by escaping from the custody of the United States Marshal while incarcerated in the Miller County jail at Texarkana, a warrant was issued.

On August 23, 1962, the movant was arrested by Deputy United States Marshal Bob McCrary upon the warrant for escape, and was taken before the United States Commissioner, where he was informed of the complaint and the charge contained therein and of his right to counsel. Whereupon the movant waived preliminary hearing upon the charge and was held by the United States Commissioner for action by the Grand Jury. Bond was fixed at $3,000. The Grand Jury for the Western District of Arkansas was not in session and was not scheduled to convene for some weeks, or possibly months. The movant was advised by the court that the charge of violating 18 U.S.C. § 751 was pending, after he had entered a plea of guilty to the charge contained in Criminal Action No. 4513, and that if he desired, he could waive the return of an indictment and that the charge would be prosecuted upon an information. Whereupon the movant in open court on August 28, 1962, executed his waiver of indictment in the following terms:

"United States of America,

v.

Leslie Melvin Simmons.

"Leslie Melvin Simmons, the above named defendant, who is accused of violating 18 U.S.C. 751 in that he did escape from the custody of the United States Marshal for the Western District of Arkansas while being incarcerated in the Miller County Jail, Texarkana, Arkansas, having been committed and awaiting process issued under the laws of the United States, being advised of the nature of the charge and of his rights, hereby waives in open court prosecution by indictment and consents that the proceeding may be by information instead of by indictment."

Upon the execution of the waiver of indictment and the consent to be prosecuted by information, the information was filed as Criminal Action No. 4524, United States v. Simmons. The petitioner was not represented by counsel, and after being advised of his right to counsel, and that the court would appoint counsel to represent him if he desired, the movant stated that he did not desire the services of an attorney and requested that the case be disposed of at that time. After being fully advised of the charge against him and the consequences of a plea of guilty or conviction, the petitioner entered a plea of guilty.

In compliance with the request of the petitioner made in Criminal Action No. 4513 and in Criminal Action No. 4524, the court proceeded to dispose of the charge in each case and assessed a sentence of 18 months in Criminal Action No. 4513, and a sentence of three years in Criminal Action No. 4524 to begin at the expiration of the imprisonment adjudged in Criminal Action No. 4513.

The record shows conclusively that before pronouncing the sentence in either of the cases, the court asked the petitioner if he knew of any reason why judgment should not be pronounced, and whether he desired to make any statement in mitigation of punishment or otherwise. In response to the question propounded in each case, the petitioner advised the court that he had nothing to say in mitigation of punishment or otherwise and desired that the charges be disposed of at that time.

A commitment was issued on each sentence, and the petitioner was delivered by the United States Marshal for the Western District of Arkansas to U. S. Penitentiary at Leavenworth, Kansas, on September 5, 1962.

He completed service of his sentence in Criminal Action No. 4513 on February

26, 1964, and began service of his sentence in Criminal Action No. 4524 on February 27, 1964.

The movant has tendered for filing a "Motion Pursuant to Title 28, U.S.C.A., Section 2255," based "upon the fact that the sentence is unlawful and void, since said plea of guilty was not entered 'voluntarily and intelligently,'" which motion has been filed in Civil Action 879, styled as Simmons v. United States of America.

In paragraphs numbered 6, 7 and 8 of the motion, the movant stated:

"6. What the co-joined contentions urged as grounds for relief and which are predicated upon repugnancy to the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Rule 11, Federal Rules of Criminal Procedure as follows:

"(A) That the plea of *guilty* was made and entered as a direct result of insanity as to the due and probable consequences of the alternative.

"(B) That by virtue of reasons of 'A', as stated supra, the court lacked competent jurisdiction to accept the plea or to proceed to a final judgment thereon.

"7. That the pertinent history which provides the foundation beneath the grounds upon which these proceedings are predicated are as follows: chronologically

"On or about the 31st day of March, 1962, petitioner was arrested for violation of the Dyer Act.

"Subsequent to trial upon a plea of *guilty*, petitioner was sentenced to serve one and one-half years imprisonment.

"8. Petitioner alleges, declares and avers that his plea, judgment and sentence had and imposed as foresaid are repugnant to the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States by reasons of and in the following respects:

"(A) That petitioner was not in fact of law *guilty* of the alleged offense.

"(B) That petitioner had been under severe mental stress for several months, and at the time of his plea before this court his mental defects and infirmities had progressively worsened to a complete state of *insanity* and derangement in totedon virbis. [sic]

"(C) In substance, petitioner was psychotic before, during said time in question; that he did not intelligently waive any of his Constitutional rights at the time of trial due to his mental defects and infirmities; that his mental faculties were so completely deranged that he was incapable of active and intelligent reasoning; that his mental defects and infirmities were, in truth, the only cause of his plea of *guilty*."

The movant cites several decisions in support of his motion which the court has examined, but which the court finds are not helpful in the disposition of the motion.

In the "Argument," which is a part of the motion, the movant stated:

"Since the averments and statements are so closely related, they must be considered together so that a more accurate picture of the real problems involved may be presented. In other words, while on Constitu-

tional rights or violation possibly waived by untimely objections, examined by itself, may not justify a vacation of sentence; yet several infringements, one springing out of the other one, considered together may compel an entirely different conclusion.

"The sentence imposed upon your petitioner violated the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Rule 11, Federal Rules of Criminal Procedure; petitioner was not given a fair trial with 'due process', and the court should not have accepted the plea of *guilty* without first determining that the plea was made 'voluntarily and intelligently.'

"A plea of guilty interposed as a result thereof is not consistent with 'due process,' and a judgment and sentence imposed pursuant to such a plea cannot stand."

In the "Conclusion" the movant stated:

"It is respectfully submitted in view of the foregoing facts that petitioner is unquestionably detained in violation of his Constitutional rights, and the laws of the United States. In view of these facts, if the court is not presently disposed to vacate and set aside sentence, it would seem that a prompt hearing would be in order to determine the issue."

The motion is directed only to the sentence of 18 months in Criminal Action No. 4513 which, as heretofore stated, expired February 26, 1964, but the court is treating the motion as also applicable to the sentence of three years in Criminal Action No. 4524.

In substance the movant contends that at the time the pleas of guilty were entered that he was insane and that by reason of insanity at that time, the court lacked jurisdiction to accept the pleas and to proceed to final judgment; that he did not intelligently waive any of his constitutional rights due to his mental defects; that he did not compre-

hend the nature and consequence of his pleas of guilty due to his mental defect and infirmities; that his mental faculties were so completely deranged that he was incapable of active and intelligent reasoning, and "that his mental defects and infirmities were, in truth, the only cause of his plea of guilty."

As heretofore stated, the movant was delivered to the U. S. Penitentiary at Leavenworth, Kansas, and is presently confined in that institution.

The first communication the court received from the movant after his sentences was by letter dated October 28, 1962, which, omitting the formal parts, is as follows:

"Dear Sir:

"This letter is a request for modification of sentence. I respectfully submit the following information to support my plea.

"On August 28, 1962, I appeared before you to answer to an indictment charging violation of the Dyer Act. At the same time I was charged with escape from custody resulting from the jail break at the Miller County jail August 19, 1962.

"A plea of guilty was entered to the indictment and a plea of guilty to the information charging escape. My guilty pleas resulted in a sentence of 1½ years for violation of the Dyer Act and 3 years for escape. These sentences to be served consecutively.

"Since my arrival here 2 detainers have been placed against me. One detainer from Oregon, the second from Washington. Either of these states will give me sentences up to 20 years. I also have a conditional release violation of 336 days to serve before being eligible for release here.

"In view of the charges facing me upon my release from here I feel justified in asking your consideration of my plea for modification of sentence. If possible I humbly re-

quest that you see fit to order these sentences to run concurrent. It would make my release date much earlier and thus make it possible to start the new sentences that much sooner.

"Being sorry for my actions isn't altering the fact that society and justice must be served but at my age the 18 months difference between a concurrent and a consecutive sentence is considerable.

"If my request merits favorable action I assure you that I'll exert every effort to prove your faith in me is justified.

"Please tell Mr. Bell that his advice was invaluable and I appreciate his concern and efforts in my behalf.

Respectfully yours,

/s/ Leslie M. Simmons."

On October 30, 1962, the court replied to the above letter as follows:

"Your letter of October 18 addressed to me at Texarkana, Arkansas, arrived today.

"I note that you ask that I consider modifying the sentence that was imposed on you on August 28, 1962, of 18 months in Criminal Action No. 4513 and a sentence of 3 years imposed on the same date in Criminal Action No. 4524, Texarkana Division.

"Both sentences were imposed upon a plea of guilty, and under Rule 35 of the Federal Rules of Criminal Procedure the court does not have authority to modify or reduce your sentence after the expiration of 60 days from the date the sentence was imposed. Thus the court does not have authority at this time to take any action in the matter, but for your information even had the letter reached me within 60 days there does not appear to be any reason why the court should have entered any order modifying or reducing the sentence.

"The Deputy Marshal, Mr. Aiken, has advised me that he obtained information that the warrant charging a conditional release violation has been withdrawn, but, of course, his information might be erroneous.

"As to the detainers that have been filed against you from Oregon and Washington, this court, of course, has no jurisdiction to act in any manner, and while I regret seeing any person confined in jail, it is simply one of the cases over which this court has no control, and I hope you will make the best of your situation.

Very truly yours,

/s/ Jno. E. Miller."

The next communication that the court received was by letter dated February 17, 1964, which is as follows:

"This is another plea for your help. I'm writing you at the suggestion of several people here at Leavenworth, and have been assured that you have the power and the authority to grant the following request even at this late date.

"On August 28, 1962, you sentenced me to 1½ years on Criminal Action number 4513, and 3 years on Criminal Action number 4524, sentences to be served consecutively.

"Your letter of October 30, 1962, was a denial of my request for modification of sentence. On that matter I am grateful for your consideration and the trouble of writing another letter as I realize you are very busy.

"My purpose now is to request your further consideration regarding the 5 months spent in jail prior to sentencing. Below are my reasons.

"In December of 1963 I received a letter from my family, the first in nearly 8 years. I find my children are all in school but in need of assistance. Because of correspondence since December 1963 I know

that my family still want me and care for me. It's a grand feeling because I've failed as a father in the past.

"Perhaps this is trite, but it's true. Time lends perspective. During these past months I've found myself. Until lately I didn't really know or care too much about my future. That is altered now. I know what I want and also I know what my obligations and responsibilities are. As a result of this change of attitude I feel justified in asking your assistance. Mr. Bell told me you were a fair man and I have no reason to think otherwise.

"Since coming here my record is perfect. I was assigned to the Tool Room when out of quarantine and have not changed jobs since. I have no opportunity to earn money, therefore I cannot help my family in any manner where money is concerned.

"If you can possibly give me credit for the five months spent in jail my family and myself will be forever grateful.

"At time of sentencing I waived counsel and a presentence investigation with the approval of Mr. Aiken and Mr. Bell.

"My tentative release date is now February 4, 1966. Five months deducted from that would be a Godsend.

Truly yours,

/s/ Leslie M. Simmons."

On February 24, 1964, the court replied to that letter as follows:

"I am in receipt of your letter of February 17 and have again reviewed the report of the Probation Officer and the entire file, and do not find any facts that would justify the court in modifying in any respect the sentence that was imposed on you on August 28, 1962, of 18 months in Criminal Action No. 4513 and of three years in Criminal Action No. 4524.

Very truly yours,

/s/ Jno. E. Miller."

There was no suggestion or intimation by the movant or the United States Attorney or any other person when the movant was before the court on August 28, 1962, that he was mentally incompetent either at that time or upon the dates he was charged with having committed the offenses to which he entered pleas of guilty. It will be observed that the movant does not allege that he was insane at the time the offenses were committed, but alleges that he had been under severe mental stress for several months, and "at the time of his plea before this court his mental defects and infirmities had progressively worsened to a complete state of insanity and derangement in totedon [sic] virbis."

It is well established that alleged insanity at the time of commission of a crime cannot be used as a basis for a motion to vacate and set aside the sentence under 28 U.S.C. § 2255, but the fact that the movant did not raise the contention of his mental incompetence before the trial court cannot prejudice his rights to a hearing on a motion to vacate and set aside the sentence or sentences on the ground that he was mentally incompetent during the time of the trial. When such a motion is filed, a hearing must be held thereon to resolve any factual question presented by the motion unless such questions are conclusively resolved and determined by the files and records. If the files and the records conclusively show that no question of fact has been raised by the motion, then the court may proceed to determine the motion without a hearing. Taylor v. United States (8 Cir. 1960) 282 F.2d 16.

The court has hereinbefore set forth the allegations contained in the motion. It should be borne in mind that the movant was arrested upon the charge contained in the indictment in Criminal.

Action 4513 on April 3, 1962. While he was being held for trial upon the indictment, he, along with other prisoners, escaped from the Miller County Jail where he was being held by the United States Marshal. He was captured and arrested two or three days after his escape, and when brought before the court upon the charge of escape, he waived the return of an indictment, consented that the charge might be prosecuted upon an information, and, upon the filing of the information in Criminal Action 4524, entered a plea of guilty thereto, having previously entered a plea of guilty to the charge contained in the indictment in Criminal Action 4513. No suggestion was made of mental incompetency. An examination of the motion now before the court discloses that no facts are alleged which indicate that the movant was mentally incompetent to stand trial or to enter the pleas of guilty. The stenographic transcript of the court reporter filed in the criminal actions shows conclusively that a full explanation of both charges were made to the movant; that he advised the court that he did not desire an attorney and desired that the charges be disposed of immediately. Without setting forth herein the transcript of the proceedings at the time the pleas of guilty were entered, suffice it to say that the record is available for inspection and shows conclusively that the movant fully understood the charges against him, and that he acted with full knowledge of all the facts when the pleas of guilty were entered. In Burrow v. United States, (8 Cir. 1962) 301 F.2d 442, at page 443, the court stated:

"While it has been held that the question of mental competency at the time of trial, although not raised or suggested during the trial, may constitute a proper subject of inquiry by motion under § 2255 (Simmons v. United States, 8 Cir., 253 F.2d 909, 911; Taylor v. United States, supra, pages 21–23 of 282 F.2d), it is not conceivable to us that a mere self-serving general proclamation, declaration or conclusion of a prisoner that his sentence is void because of mental illness or because he has been a drug addict will entitle him to a sanity hearing under § 2255."

Where a motion is based upon the ground of mental incompetency at the time of the trial, the court undoubtedly has the right to require the movant to set forth sufficient basis of background, incidents, or other elements to give indication of possibility of the existence of such question. A prisoner or movant is not entitled and need not be permitted after his conviction or plea of guilty to make bald charges of mental incompetency to stand trial for the purpose of simply obtaining an excursion from the penitentiary. Hayes v. United States, (8 Cir. 1962) 305 F.2d 540.

There is no history of insanity in the family of the movant. The first time insanity was mentioned was in his motion to vacate the sentence. Before the movant is entitled to proceed and to have a hearing on his motion, he should have supported his claim of insanity by factual allegations. Hartman v. United States, (6 Cir. 1962) 310 F.2d 447; Fisher v. United States, (4 Cir. 1963) 317 F.2d 352; United States v. McNicholas, (4 Cir. 1962) 298 F.2d 914.

Since the files and records in the criminal actions conclusively show that the movant is not entitled to any relief unless he supports his conclusory allegations of insanity contained in the motion by factual allegations, which he has not done, he is not entitled to a hearing on the motion, and the motion should be denied.

An order in accordance with the above is being entered today.