**Lawson J. SPIVEY**

v.

**UNITED STATES of America.**
Misc. No. 1143.

United States District Court
E. D. Louisiana,
New Orleans Division.
April 22, 1964.

118

Lawson J. Spivey, in pro per.

Louis LaCour, U. S. Atty., New Orleans, La., for the U. S.

FRANK B. ELLIS, District Judge.

On January 27, 1960, the prisoner entered a plea of guilty to a one-count information charging that he transported a 1957 Buick automobile from Fort Meyers, Florida, to Baton Rouge, Louisiana, knowing that the same was stolen. He was sentenced to a period of forty-two months in the custody of the Attorney General.

Prior to entering his plea (before arraignment) the petitioner was advised of his constitutional rights to counsel and the possibility of being represented by a court-appointed counsel if he was in impecunious circumstances. Petitioner, after having been so advised, waived assistance of counsel. He then consented, in writing, to a transfer of the case from the Baton Rouge Division to the New Orleans Division of the Eastern District of Louisiana, waived indictment, allowed a bill of information to be filed against him and entered his own plea of guilty.

The matter is once again before this court on the prisoner's petition for a writ of habeas corpus seeking to have the sentence imposed set aside on grounds that the court did not appoint counsel to represent him at the time of his arraignment in violation of his constitutional rights. The Court will treat the pleadings as that of a petition under 28 U.S.C. § 2255 rather than a habeas corpus. "[The] petitioner is a layman, not represented by counsel, and we do not expect of laymen exactitude in legal terminology,"

Pickett v. United States, D.C.Cal., 223 F. Supp. 695.

■■ It is certainly true that a denial of counsel would require the setting aside of the judgment and commitment, Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377, however, the present case presents no such problem. In the instant case the defendant waived counsel and entered his own plea of guilty, after having been advised of his rights to counsel. Having done so, he cannot now complain that his constitutional rights to assistance of counsel were denied or that the right to counsel was withheld from him. See Bute v. Illinois, 333 U.S. 640, 68 S.Ct. 763, 92 L.Ed. 986, United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248, and Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393.

A careful review of the record and files conclusively shows that the petitioner has no grounds for relief. The Court will therefore deny the motion to vacate and set aside the sentence.