Charles W. EVANS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17907.

United States Court of Appeals
Eighth Circuit.

June 8, 1965.

Charles W. Evans, pro se.

Theodore L. Richling, U. S. Atty., and Frederic J. Coufal, Asst. U. S. Atty., Omaha, Neb., for appellee.

Before VOGEL, MATTHES and RIDGE, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the United States District Court denying appellant's 28 U.S.C.A. § 2255 motion to vacate sentence. Appellant was found guilty in a jury trial of violating 18 U.S. C.A. § 2113 (armed robbery of a bank) and 18 U.S.C.A. § 2314 (transporting stolen money in interstate commerce). We affirmed the judgment of conviction. Evans v. United States, 8 Cir., 325 F.2d 596 (December, 1963), cert. denied 377 U.S. 968, 84 S.Ct. 1649, 12 L.Ed.2d 738 (1964).

Since the affirmance appellant has engaged in filing various motions seeking reduction of sentence and other relief. The motion to vacate was filed on June 25, 1964, and an amendment thereto was filed on August 21. Both are prolix, the original consisting of 11 pages and the amended motion 18 pages. The district court determined that the motion presented no factual issues requiring a hearing, and although it is apparent that the court was firmly persuaded that there was no merit or substance in the alleged grounds for relief, the court nevertheless studiously considered each and every allegation which is made manifest by its 26 page memorandum opinion (unreported).

In summary, on this appeal appellant presents three main points: (1) appellant did not participate in the robbery; (2) jurisdiction over the person of appellant was lacking (numerous subsidiary contentions are made in support of the jurisdictional question); (3) appellant was denied effective assistance of counsel.

■ Contention (1) which, of course, goes to the sufficiency of the evidence to make a submissible case, is not entitled to be reviewed in this collateral proceeding to vacate the judgment. That

issue was presented and determined in the disposition of the prior appeal where we held "The evidence of the appellant's guilt was overwhelming." 325 F.2d at p. 604. A motion under § 2255 cannot serve the office of an appeal and issues disposed of on a prior appeal will not be reviewed again by such a motion. Butler v. United States, 340 F.2d 63, 64 (8 Cir. January, 1965) and cases cited therein.

■ Contention (2), the jurisdictional question, and the numerous subsidiary grounds in support thereof were likewise considered and ruled adversely to appellant in his appeal from the judgment of conviction. Thus, we observed, 325 F.2d at p. 600, "Appellant's first and primary point concerns the District Court's jurisdiction over him and his claim that all proceedings subsequent to his arrest became a nullity." We then proceeded, pp. 600–603, to discuss at length the relevant facts and circumstances, and demonstrated that the contention was legally unsound and lacking in merit.

■ From appellant's brief it becomes quite evident that his chief complaint goes to the claimed inadequate representation by court-appointed trial counsel. Appellant points to numerous trial incidents and deduces therefrom the conclusion that his lawyer was inexperienced and incapable of providing the legal assistance to which he was entitled.

Our consideration of the transcript of the trial proceedings satisfies us that this attack upon counsel coming for the first time in this motion to vacate is utterly without foundation and is an afterthought on the part of appellant. The trial court stated in his memorandum opinion that "while personally conducting the proceedings in this case I observed that Mr. John P. Miller gave excellent representation to the petitioner." That conclusion is supported by appellant's admission to the district court on September 4, 1962, when sentence was pronounced. On that occasion appellant stated:

"Your Honor, I would like to express my gratitude for Mr. John P. Mil-

ler, that was appointed to me as court-appointed counsel. Mr. Miller came to me sort of belatedly but he has done a splendid job for me. On asserting any legal technicalities that may appear again, I would like to have Mr. Miller, if possible, to represent me in those matters, and outside of that, I have nothing else to say."

It may be appropriate to once again observe, as we did in Taylor v. United States, 8 Cir., 282 F.2d 16 (1960):

"The Sixth Amendment does not require for its satisfaction that the actions of counsel result in a favorable outcome. Rather, its requirement is met whenever the accused is supplied counsel who exercises that judgment which might be expected of one trained in the law and committed to the diligent application of its principles."

See also Holt v. United States, 303 F.2d 791 (8 Cir. 1962), cert. denied 372 U.S. 970, 83 S.Ct. 1095, 10 L.Ed.2d 132 (1963); Johnston v. United States, 254 F.2d 239 (8 Cir. 1958); Butler v. United States, supra, 340 F.2d at pp. 64, 65.

■■ Lurking in appellant's brief in this court is a question not raised in his motion to vacate and hence not considered by the district court, namely, that appellant was mentally ill prior to and during the trial. The Government has noticed the suggestion and briefed the point as though it had properly been relied upon as a ground for vacating the judgment. Recognizing that the question of mental competency at the time of trial may constitute a proper subject of inquiry by motion under § 2255, Burrow v. United States, 301 F.2d 442 (8 Cir. 1962), cert. denied 371 U.S. 894, 83 S.Ct. 193, 9 L.Ed.2d 126 (1962), we have considered the matter as though properly raised in order to determine whether there is any reasonable basis to warrant a remand of the cause for a hearing on the question. We are convinced that there is utterly no merit in the contention. A mere declaration or self-serving

proclamation of a prisoner that his sentence is void because of mental illness does not entitle him to a sanity hearing under § 2255. Id., 301 F.2d at p. 443. We have nothing here except such a self-serving declaration. There was no indication or suggestion before, during or subsequent to the trial that appellant was incompetent and unable to stand trial. To the contrary, the record compels the conclusion that appellant was fully possessed of his mental faculties at all stages of the proceeding, he was aware of the nature of the charge and co-operated with his counsel.

■ Inasmuch as the motion and the files and records of the case conclusively show that appellant's claim is without merit, the district court was not required to grant a hearing on the motion. Sanders v. United States, 373 U.S. 1, 6, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

The order denying the motion to vacate is affirmed.