204 So.2d 245 (1967)
Theodore L. LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 1115.
District Court of Appeal of Florida. Fourth District.
November 14, 1967.
*246 W.D. Frederick, Jr., Public Defender, and S. Sammy Cacciatore, Jr., Asst. Public Defender, Orlando, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and James T. Carlisle, Asst. Atty. Gen., Vero Beach, for appellee.
BARNS, PAUL D., Associate Judge.
This is an appeal from a judgment denying appellant's post-conviction motion for relief from prior adjudication and sentence upon a plea of guilty. We affirm.
The defendant was represented by the Public Defender in the lower court and after entering a plea of not guilty to a charge of robbery, withdrew his not-guilty plea and entered a plea of guilty under the following circumstances.
"THE COURT: [April 27, 1965].
"Mr. Flaxer [his counsel] it has been called to my attention that although this defendant pleaded not guilty when he was arraigned February 2nd, this year, there is an indication that upon further conference with his Counsel he wishes to make a plea at this time.
"Now, Lee, in connection with this change of plea do you understand that a plea of guilty leaves you convicted the same as if a jury brought in a verdict of guilty?
"THE DEFENDANT: Yes, sir.
"THE COURT: Do you understand that you are subject to the same penalties as if you were convicted by a jury?
"THE DEFENDANT: Yes.
"THE COURT: Has anyone made any promises or threats on this change of plea?
"THE DEFENDANT: No, sir.
"THE COURT: Has anyone told you the Court would be more lenient than if you were tried by jury?
"THE DEFENDANT: No, sir.
"THE COURT: For the crime of robbery under the Statutes of Florida you *247 could be sentenced for the rest of your life; do you understand that?
"THE DEFENDANT: Yes, sir.
"THE COURT: Have you consulted with your attorney about this plea?
"THE DEFENDANT: Yes, sir.
"THE COURT: And he has explained all these matters that I have just gone over with you?
"THE DEFENDANT: Yes, sir.
"THE COURT: You are making this plea freely and voluntarily?
"THE DEFENDANT: Yes, sir.
"THE COURT: Change his plea from not guilty to guilty."
The appellant, aided by his counsel, the Public Defender, entered a plea of not guilty when arraigned on February 22, 1965, and afterwards withdrew his not-guilty plea and entered a plea of guilty on April 27, 1965, under the circumstances above recited, and was sentenced to imprisonment for life. On September 8, 1966, the defendant-appellant filed his post-conviction motion for relief from the prior judgment, which motion was denied without an evidentiary hearing.
Thereupon, the defendant has prosecuted this appeal, aided by the Public Defender, and urges here that he was coerced into entering his plea of guilty. The appellant's allegations of coercion are as follows:
"(B) Petitioner contends that he was coerced into the guilty plea by reason, unsufficiently involve while awaiting trial in Orange County Jail. The petitioner here, was approached by one Criminal Investagator (name unknown by petitioner) and told petitioner that the ods are against him (petitioner) and it is my understanding that you will testify against Jasper Wells, as a state wittness, due to the fact that you has another charge of robbery and that of course carry the pently of `life,' but if you cooperate I understand it the second charge will be droped or nun process, due to the fact that you are on (P.S.I.) Pre-Sentence Investagation, and at least you could be sure not to get but one life sentence if you should not cooperate, the state will do all possibilities to get you two (2) life sentences, one on each charge of robbery, plus your past record will be considered, and the escape that is pending on you. Therefore you has quite a bit to take under consideration, before you refuse to cooperate."
As stated in Tolar v. State, Fla.App. 1967, 196 So.2d 1, 3,
"Post-conviction motions for relief collaterally attacking judgments and sentences under Criminal Procedure Rule No. 1 are basically in the nature of writs of error coram nobis. The federal counterpart to Criminal Procedure Rule No. 1 is § 2255 of Title 28 U.S.C.A., from which Rule 1 was modeled. Austin v. State, Fla.App. 1964, 160 So.2d 730. As stated by the late Honorable John J. Parker concerning § 2255: `This motion is in the nature of an application for a writ of error coram nobis and is merely declaratory of existing law [cases cited].' 8 F.R.D. 171, 175. The Reviser's Note to § 2255, supra, states:
"`This section restates, clarifies and simplifies the procedure in the nature of the ancient writ of coram nobis. It provides an expeditious remedy for correcting erroneous sentences without resort to habeas corpus. * * *'
"Annotation references: 96 L.Ed. 244; 20 A.L.R.2d 976. * * *"
Since § 2255 and Rule 1 were both for the purpose of meeting the same kind of practical problems encountered in habeas corpus proceedings, and since Rule 1 is almost literally the same as § 2255, a reading of United States v. Hayman, 1952, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232, is necessary for an understanding of the history, purpose and construction of both.
*248 A prisoner who is coerced into entering a plea of guilty is deprived of a constitutional right, but conclusory allegations of coercion are insufficient. As stated in Tolar v. State, Fla.App. 1967, 196 So.2d 1, 6:
"Motions seeking relief from confinement under Rule 1 must specifically allege facts which, if true, would entitle defendant to a vacation of his sentence; conclusory allegations are insufficient. Simmons v. United States, D.C.W.D.Ark. 1964, 227 F. Supp. 778, 785 (mental incompetency).
"As stated by 8 Moore's Federal Practice, 2d Ed., § 11.04 relating to post-conviction relief motions under § 2255, the `petition [motion] seeking relief must specifically allege facts which, if true, would entitle the defendant to vacate his sentence; conclusory allegations are insufficient', citing Simmons v. United States, supra."
As stated in Machibroda v. United States, 1962, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473:
"* * * A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. A conviction based upon such a plea is open to collateral attack. See Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302; Shelton v. United States, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579, reversing, 5 Cir., 246 F.2d 571. `A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence. Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences.' Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009."
In Plaster v. United States, 5th Cir.1967, 381 F.2d 578, the court held:
"It is well settled that a plea of guilty which is induced or procured by promises or threats can not be upheld. It is not a voluntary plea. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). This case does not present a situation remotely resembling the Machibroda case. It is just the opposite.
"It is not necessary in every case to have an evidentiary hearing on a motion filed under § 2255. Barrett v. United States (5 Cir.1962) 302 F.2d 151; Anderson v. United States (5 Cir.1963) 318 F.2d 815; Olive v. United States (6 Cir.1964) 327 F.2d 646; Norman v. United States (3 Cir.1966) 368 F.2d 645. The record emphatically shows that the contentions which the appellant now makes are completely without substance. While it is generally necessary to hold a hearing in order to dispose of factual issues raised by motions under § 2255, that requirement is subject to the qualification set out in the statute to the effect that the files and records of the case may be sufficient to authorize a disposition of the motion without such a hearing. In this case `the files and records of the case conclusively show that the prisoner is entitled to no relief', because the record is clearly convincing that the appellant was well informed and fully understood the nature of the charges against him, the possible penalty to be imposed, and that his plea of guilty was made voluntarily and with a clear understanding of its consequences. * * *"
The motion fails to show any promise or inducement tending toward any deceit or misrepresentation of fact and the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," since they affirmatively *249 show there has been no denial or infringement of the constitutional rights of the prisoner. The record is clearly convincing that the appellant was well informed and fully understood the nature of the charge against him, the possible penalty that might be imposed, that his plea of guilty was voluntary and with a clear understanding of its consequences.

FRIVOLOUS APPEALS
Another point is that his attorney, the Public Defender, failed, neglected and refused to take an appeal from the judgment of guilt, after being requested to do so by the defendant-appellant. This point is without merit. It is no denial or infringement of the constitutional rights for an attorney representing an indigent defendant to fail, refuse or neglect to take a frivolous appeal after conviction. Smith v. State, Fla.App. 1966, 192 So.2d 346. The law does not require it and the ethics do not permit it.
After conviction an indigent defendant is entitled to the assistance of counsel in respect to his right to an appeal, Edge v. Wainwright, 5th Cir.1965, 347 F.2d 190; and after an appeal has been taken by an indigent defendant convicted of crime, he is entitled to the assistance of counsel to prosecute the pending appeal. Douglas v. People of State of California, 1963, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; Anders v. State of California, 1967, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.
The Standing Committee on Professional Ethics of the American Bar Association by Informal Opinion No. 955 (July 29, 1967) on the question of the Obligation to take Criminal Appeal refers to the Anders case, supra, and states:
"* * * [T]he Supreme Court of the United States on May 8, 1967, in the case of Anders v. State of California, 35 U.S. Law Week 4385 [386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493] laid down rules as to the rights of indigents to the aid of counsel, which also defined a large part of the ethical posture of the lawyer and judge in this situation. Justice Clark, concurred in by five other Justices, held that it is not enough simply to inform the court that there appears to be no merit to the client's cause and ask to be excused as counsel. The obligations imposed by the federal constitution go further. He said:
"`* * * Counsel, should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court  not counsel  then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.
"This requirement would not force appointed counsel to brief the case against his client but would merely afford the latter that advocacy which a nonindigent defendant is able to obtain. It would also induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the *250 legal authorities as furnished it by counsel. The no-merit letter, on the other hand, affords neither the client nor the court any aid. The former must shift entirely for himself while the court has only the cold record which it must review without the help of an advocate. Moreover, such handling would tend to protect counsel from the constantly increasing charge that he was ineffective and had not handled the case with the diligence to which an indigent defendant is entitled. This procedure will assure penniless defendants the same rights and opportunities on appeal  as nearly as is practicable  as are enjoyed by those persons who are in a similar situation but who are able to afford the retention of private counsel.'
"We think this statement of constitutional principles answers as well the ethical questions presented, except for one.
"We think that when a lawyer finds that a motion for new trial or appeal would be wholly frivolous after a conscientious examination of the record, he should comply with the procedures suggested above, and advise the court in accordance with those procedures. This is also the position a non-appointed lawyer should take. He, ethically, should not clog the courts with frivolous motions or appeals. Canon 30 applies both to attorneys for the indigent appointed by the court and attorneys who are paid by their clients in criminal and civil matters. `The lawyer must decline to conduct a civil cause or to make a defense when convinced that it is intended merely to harass or to injure the opposite party or to work oppression or wrong * * * His appearance in Court should be deemed equivalent to an assertion on his honor that in his opinion his client's case is one proper for judicial determination.'"
An appeal is the continuation of the original action, and an attorney authorized by the defendant or the court to assist a defendant in the defense of a prosecution has authority to appeal, and no new order of the court is required to authorize him to appeal as counsel for the defendant.
However, the attorney is governed by the Ethics of Bar in respect to appeals as they may relate to the court or the defendant. Since the attorney assisting the defendant at trial is by reason of that fact already fully informed as to the defendant's case, the court should look with disfavor on any application by him to withdraw from the case. Because of his status, he ought to be able to be of greater assistance to the defendant and the court than one substituted and with less effort than another attorney. It is under most extraordinary circumstances that a court will discharge a trial attorney when the appeal ought not be dismissed. An appellate court needs the assistance of informed counsel as well as does the defendant. Smith v. State, supra.
Affirmed.
WALDEN, C.J., and CROSS, J., concur.