Michael E. **STEPHEN**

v.

**UNITED STATES** of America.

Civ. No. 5038.

United States District Court
E. D. Texas,
Tyler Division.

Aug. 27, 1969.

MEMORANDUM OPINION & ORDER

FISHER, Chief Judge.

Petitioner, Michael Eugene Stephen, was convicted before the United States District Court for the Eastern District of Texas, Tyler Division, on October 20, 1967, on a two count indictment charging Stephen with violations of Title 18, U.S. C. §§ 2113(a) and 2113(b), to-wit, the robbery of the First National Bank of Center, Texas.

Petitioner waived his right to an attorney and entered a plea of guilty and was sentenced by the Court to fifteen (15) years confinement as to Count I [Sec. 2113(a)] and five (5) years confinement as to Count II [Sec. 2113(b)] with execution of the sentence imposed as to Count II suspended and petitioner placed on active probation for a period of five (5) years. The sentence imposed as to Count II was to run consecutive to the sentence imposed as to Count I.

Before the Court is Petitioner's Motion to Vacate Sentence pursuant to Title 28, United States Code, § 2255 filed in forma pauperis. Petitioner alleges that the sentences were imposed in violation of the Fifth and Sixth Amendments and the Federal Rules of Criminal Procedure, Rules 10, 11 and 44.

First, petitioner alleges that his guilty plea was involuntary in that the court failed to make proper inquiry to establish that petitioner understood the nature of the charge and consequences of his plea of guilty pursuant to Rule 11 and the Fifth and Sixth Amendments. After Stephen had plead guilty, the Court made numerous inquiries directed to the defendant such as whether Stephen was pleading guilty because he was in fact guilty; whether Stephen had been promised any favor or consideration for making the guilty plea; whether anyone had coerced or mistreated petitioner in connection with the prosecution; whether after the court had instructed petitioner as to the maximum sentence he could receive, petitioner still wished to enter a plea of guilty; and, finally, whether petitioner felt that he understood the nature of the offenses and the consequences of his guilty plea.[1] To all these questions the petitioner made appropriate answers

---

1. Transcript pp. 5–6.

indicating that he understood the nature of the charges and the consequences of his plea. Clearly, the inquiries made by the court satisfied the requirements set out in Rule 11, Federal Rules of Criminal Procedure, and petitioner's contentions as to the voluntariness of his guilty plea are without merit. Stout v. United States, 383 F.2d 448 (5th Cir. 1967); Helpman v. United States, 373 F.2d 401 (5th Cir. 1967).

Petitioner's second contention is that he was denied assistance of counsel in that his waiver of counsel was neither intelligently nor competently made, in violation of the Sixth Amendment and Rule 44, Federal Rules of Criminal Procedure.

In this regard, the Court inquired of Stephen whether he had an attorney to represent him to which Stephen answered "No, your honor." The Court then inquired of Stephen whether he wished the Court to appoint an attorney to represent him to which Stephen likewise said, "No." At this point the Court specifically instructed petitioner as to his right to have an attorney of his choice represent him or to have one appointed for him by the Court and Stephen answered that the Court was correct in understanding that he wished to waive his right to an attorney. Stephen then executed a waiver of counsel in open court.[2]

The Court's admonition to Stephen of his right to counsel clearly meets the test of Rule 44, Federal Rules of Criminal Procedure, and the Sixth Amendment. The Court advised Stephen of his rights to counsel and explained to Stephen exactly what his rights were in regard to counsel. At no time in his response to the Court's questions did Stephen indicate that he wished an attorney appointed for him. The Court need only advise a defendant of his rights in regard to counsel and determine that the waiver is competently and intelligently made. Having waived counsel and plead guilty the petitioner cannot now as-

sert that his constitutional rights to assistance of counsel were denied to him. McCaffrey v. United States, 328 F.2d 606, 607 (5th Cir. 1964); Spivey v. United States, 229 F.Supp. 117 (E.D.La. 1964).

Petitioner's third contention is that he was not given a copy of the indictment prior to being called upon to plead as is required by Rule 10, Federal Rules of Criminal Procedure. The record does not reflect whether Stephen was presented with a copy of the indictment before he was called upon to plead, although the usual practice is for the United States Marshal to supply the accused with a copy of the indictment when he is in custody. Even if Stephen were not supplied with a copy of the indictment prior to his plea, his argument is of no merit as the indictment was read in full to the defendant in open court.[3] Petitioner made no claim at the trial that he was not furnished a copy of the indictment and this motion to vacate sentence is the first mention of the possible omission by Stephen. If an error was committed in failing to present Stephen with a copy of the indictment, the error did not prejudice the defendant and does not render the judgment subject to collateral attack under 28 U.S.C.A. § 2255. Ray v. United States, 192 F.2d 658, 659 (5th Cir. 1951).

Contention number four of petitioner attacks the sentences imposed by the Court. As stated earlier the Court imposed consecutive sentences of fifteen (15) years as to Count I [18 U.S.C.A. § 2113(a)] and a five (5) year probated sentence as to Count II [18 U.S.C.A. § 2113(b)]. Petitioner alleges that the Court imposed illegal sentences by finding petitioner guilty of both subsections (a) and (b) of Title 18 U.S.C.A., and imposing consecutive sentences. Further, petitioner alleges that he was prejudiced in that the Court instructed Stephen incorrectly on the maximum sentence he could receive for a conviction on Count II of the indictment.

---

2. Transcript pp. 3–4.

3. Transcript p. 4.

**14**

▮ The Court feels that under the decisions of Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957) and Heflin v. United States, 223 F.2d 371 (5th Cir. 1955) the Courts may still impose consecutive sentences under the Bank Robbery Statute where the separate offenses merge to become one offense so long as the total time to be served is within the maximum allowed for the most heinous of the offenses committed. In White v. United States, 402 F.2d 72 (5th Cir. 1968), the Fifth Circuit reaffirmed its earlier views in *Heflin,* supra, and Williamson v. United States, 265 F.2d 236 (5th Cir. 1959) that although sentences for violations of subsections (a) and (b) cannot be pyramided so as to exceed the maximum provided under the more severe, this does not invalidate either of two sentences imposed if within the maximum. As the total time imposed in this case was 20 years, five years of which was probated, and as this was within the 20 year maximum provided for a violation of the most serious offense [18 U.S.C.A. §§ 2113(a)], this Court holds that petitioner's argument as to consecutive sentences is without merit.

▮ The petitioner's second argument as to the sentences imposed is that he was prejudiced by the error of the Court in instructing him that he could receive a maximum of twenty years for a violation of § 2113(b) when in fact § (b) carries a maximum sentence of only ten years. Petitioner's contention in this regard was squarely answered by the case of Eakes v. United States, 391 F.2d 287 (5th Cir. 1968) where it was held:

"There is no merit to the contention of the appellant that the judgment should be vacated because the district court

misled him as to the sentence which could be imposed, so that his plea of guilty was not made with full understanding of its consequences. Appellant received a lesser sentence than either that which the district court informed appellant it could impose or the maximum sentence provided by law."

In this case although Stephen was incorrectly instructed as to the maximum sentence he could receive as to Count II, petitioner was not prejudiced by the error since, as in *Eakes,* petitioner received a lesser sentence than either the maximum provided by law or that which the Court instructed Stephen he could receive.

Petitioner's final contention is that the Court erred in failing to voluntarily make inquiry as to petitioner's competency to stand trial in the light of petitioner's present allegation that he was suffering withdrawal from narcotics at the time of trial. Petitioner alleges that guilty pleas were entered in the hope of being sent to a federal institution to receive medical treatment for his alleged drug addiction. For this reason petitioner alleges that the pleas were "coerced, involuntary and not competently, knowingly and intelligently made."

▮ In his petition, Stephen concludes that he was incompetent, without alleging any specific facts in support of his conclusion.[4] A petitioner moving to vacate his sentence on a theory of mental incompetency at the time of trial must support his claim by factual allegations and set forth a sufficient background to give an indication of the existence of possible incompetency. Simmons v. United States, 227 F.Supp. 778 (W.D.Ark.1964). The mere failure to make specific inquiry as to the mental competency of the ac-

4. "At the time of his arrest petitioner was severely addicted to dilaudid, an opium derivative of highly addictive nature. At the time of arraignment, plea, and sentencing, petitioner was suffering withdrawal from the narcotic dilaudid and had received no medical treatment during the interval between arrest and arraignment, plea, and sentencing. Petitioner waived counsel and entered guilty pleas to both counts of the two count indictment in the hope he would be transferred to a federal institution where he could receive medical attention and treatment for narcotic addiction. For this reason the pleas were coerced, involuntary and not competently, knowingly and intelligently made."

cused to stand trial and enter a plea does not require vacation of the sentence. Ruebush v. United States, 206 F.2d 810 (10th Cir. 1953). This would especially be true here as the Court made numerous inquiries of the defendant to ascertain that Stephen understood the nature of the proceedings taking place.

 Petitioner alleges that his guilty plea was entered with the hope of being sent to an institution for treatment of his alleged drug addiction and therefore his guilty plea was neither voluntary nor competent. A plea of guilty is conclusive as to a defendant's guilt and waives all nonjurisdictional defects. Where the court has made proper and adequate inquiries to establish that the plea has been voluntarily and understandingly entered, a mere hope or mistaken impression on the part of the defendant as to where he would be incarcerated would not render the plea "coercive, involuntary and not competently, knowingly and intelligently made," as petitioner alleges. Brown v. Beto, 377 F.2d 950 (5th Cir. 1967); Earley v. United States, 263 F.Supp. 522 (C.D.Cal.1966). Stephen was asked by the Court before sentence was imposed whether petitioner had anything to say in his own behalf to which petitioner answered, "No, sir." Further, the Court, after imposing and explaining the sentence to Stephen, asked petitioner if he had any questions to which the petitioner likewise answered, "No, sir." If petitioner had questions to raise about where he was to be incarcerated the time to ask them was at the time of sentencing and not in a motion to vacate sentence.

The Court has determined that there is no necessity for a hearing to be had on this motion to vacate sentence. A prisoner is not entitled and need not be permitted after his conviction or plea of guilty to make bald charges of mental incompetency to stand trial for the purpose of simply obtaining an excursion from the penitentiary. Hayes v. United States, 305 F.2d 540 (8th Cir. 1962); Burrow v. United States, 301 F.2d 442,

443 (8th Cir. 1962); Simmons v. United States, supra.

As the motion, files and records of the case conclusively show that the petitioner is entitled to no relief, the Court is not required to grant a hearing on the motion. Evans v. United States, 346 F.2d 512 (8th Cir. 1965). Accordingly, the motion of petitioner to vacate the sentences imposed upon him by this Court on October 20, 1967, is hereby in all things denied.